JANE WELLS, Respondent, *v.* BELSTRAT HOTEL CORPORATION, Appellant.

First Department, March 20, 1925.

**Libel and slander — action by former guest of apartment hotel — plaintiff was locked out of room for failure to pay bill — in response to inquiry by plaintiff's attorney, defendant wrote attorney stating that plaintiff was locked out on three different occasions for non-payment of bill — said statement is libelous per se — making statement to plaintiff's attorney in response to inquiry is not publication — dictating letter to defendant's stenographer is not publication.**

A letter written by a hotel corporation, in response to an inquiry from plaintiff's attorney, concerning the action of the hotel in locking plaintiff out of her apartment, which states that a thorough investigation had been made with the following results: "1. First locked out about February 1st, for non-payment of bill — bill paid. 2. Locked out again February 20th, owing bill of $70. Father came in and paid. 3. Owing to these circumstances was finally locked out on March 3rd, owing a bill of $31.45, running from February 20th, which was not paid although payment was demanded," is libelous *per se*, on the ground that it was clearly intended to hold the plaintiff up to public ridicule and disgrace, and tended to brand the plaintiff as a person who was unwilling to pay her just obligations, and who paid such obligations only under compulsion.

The statement being libelous *per se*, it was unnecessary to allege special damages in order to maintain the action.

However, inasmuch as the letter was written by the hotel corporation in answer to an inquiry directed to it by plaintiff's attorney, there was no publication of the libel, and the libel was not published by the act of the defendant in dictating the statement to its stenographer, for neither the attorney to whom the letter was written nor the stenographer to whom it was dictated, was a third person to whom it may be claimed that the publication was made.

APPEAL by the defendant, Belstrat Hotel Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of May, 1924, denying defendant's motion to dismiss the second cause of action on the ground that it does not state facts sufficient to constitute a cause of action.

*May & Jacobson* [*David May* of counsel; *Samuel Silverman* with him on the brief], for the appellant.

No appearance for the respondent.

MERRELL, J.:

The plaintiff sued upon two causes of action demanding judgment against the defendant in the sum of $10,000 damages. In her complaint the plaintiff alleges for a first cause of action that the defendant was a domestic corporation owning and operating a hotel in the borough of Manhattan, New York city, known as the Stratford House; and that on or about March 3, 1923, when plaintiff was about to retire to the apartment used by her as a patron of the defendant, she was forbidden by one of defendant's agents, servants or employees, to wit, its night manager, to do so; and that said night manager willfully and maliciously, in the presence of divers persons, uttered the following words of and concerning the plaintiff: " You will not be allowed to use or go into your apartment tonight until you have paid this bill of forty dollars which you owe and which you have not paid; " and that the defendant by its said agent intended thereby that plaintiff was attempting to cheat and defraud the defendant out of a past-due hotel bill and to avail herself of accommodations in said hotel without paying therefor, and to brand plaintiff as a cheat and fraud, and that the words thus spoken were so understood by those who heard them; that said utterance was calculated to injure plaintiff in her good name, fame and credit, to bring her into public scandal, infamy and disgrace among good and worthy citizens, and to cause it to be suspected and believed by them that plaintiff was a fraud and a cheat and was attempting to avoid the payment of a just debt; that said statement and utterance was wholly false and untrue and greatly injured the plaintiff in her reputation, fame and credit.

As a second cause of action the plaintiff repeated and realleged the allegations of the complaint set forth in the first cause of action, and alleged further that on or about the 4th day of April, 1923, the defendant uttered the following defamatory letter of and concerning the plaintiff:

"Acknowledging receipt of your favor of the 30th ult., we beg to advise that we have made a thorough investigation of the circumstances complained of in connection with the above, with the following result:

" 1. First locked out about February 1st, for non-payment of bill — bill paid.

" 2. Locked out again February 20th, owing bill of $70. Father came in and paid.

" 3. Owing to these circumstances was finally locked out on March 3rd, owing a bill of $31.45 running from February 20th, which was not paid although payment was demanded."

Plaintiff alleges in her said second cause of action that said

writing was made to the attorney for the plaintiff herein and, upon information and belief, to the stenographer for the defendant; and that said writing was wholly false, defamatory and untrue and was calculated to hold the plaintiff up to public ridicule, contempt and disgrace and to public infamy, as a person who habitually refused the payment of her just obligations; and that plaintiff, by reason of all of the allegations of the complaint, was damaged in the sum of $10,000, for which judgment was demanded against the defendant.

The defendant moved for an order dismissing each of the two causes of action alleged and set forth in the plaintiff's complaint upon the ground that as to each of said causes of action the complaint did. not state facts sufficient to constitute a cause of action against the defendant. The Special Term to which said motion was addressed granted defendant's motion as to the first cause of action and denied said motion as to the second cause of action. The defendant has appealed from so much of the order as denied defendant's motion to dismiss the second cause of action for insufficiency. The plaintiff did not appeal from so much of the order of the Special Term as dismissed her first cause of action for insufficiency.

The appellant contends that the alleged libelous matter set forth in the second cause of action in plaintiff's complaint was not libelous *per se.* I am unable to concur in such claim. I think the matter set forth in the second cause of action was clearly intended to hold the plaintiff up to public ridicule and disgrace, and tended to brand the plaintiff as a person who was unwilling to pay her just obligations, and who paid such obligations only under compulsion, and as one whom it was necessary to lock out of her room in the hotel until past-due bills for her room were paid in order to collect for entertainment furnished to her. It is alleged in the complaint that such libelous matter was uttered of and concerning the plaintiff, and for the purposes of the motion such allegation must be taken as true. The matter complained of being libelous *per se*, it was unnecessary to allege special damages as the result thereof.

A greater obstacle, however, in the way of sustaining plaintiff's second cause of action arises from the fact that there was no publication of the matter justifying a recovery of damages by the plaintiff. An action for damages for libel can only be maintained where it appears that the offensive writing was published by the defendant of and concerning the plaintiff, and unless such offensive matter was communicated to some third person, plaintiff was not injured thereby. (*Youmans* v. *Smith*, 153 N. Y. 214, 218.) It is alleged in the complaint that the writing was made to plaintiff's attorney

and, the plaintiff alleges upon information and belief, to the stenographer of the defendant. It is fairly inferable from the allegations of the plaintiff's said second cause of action that the alleged libelous letter was written in answer to a request from the attorney for the plaintiff and was indeed solicited by said attorney. The attorney was acting as the agent for the plaintiff, and the plaintiff should not recover damages by reason of an alleged libel which she procured, either herself or by her agent. It is evident from the alleged libelous matter that it was written in response to a request from plaintiff's attorney for facts. Except for the solicitation of plaintiff's attorney, the alleged libelous letter would not have been written. The Supreme Court of Louisiana in *Dickinson v. Hathaway* (122 La. 644; 48 So. 136) held that a letter written to the attorneys of the complainant was not libelous because the same was not published, and that a private letter answering plaintiff's attorneys, relating to a special matter in which each of the parties was concerned, would not support an action for damages for libel. The only other allegation of publication of the alleged libelous matter was the allegation of the plaintiff, upon information and belief, that the said writing was made to the stenographer of the defendant.

I do not think that the mere dictation of a letter to a stenographer was such a publication of the alleged libel as would justify a recovery of damages by plaintiff. Unquestionably the defendant corporation, through its officer or employee who dictated the letter complained of, must have required the services of a stenographer, but the stenographer was not a third person to whom it may be claimed that a publication was made. The stenographer was a part of the defendant's organization and required for the transaction of the defendant's business. The services of the stenographer were required to make complete the preparation of the article complained of. The dictation and transcribing of the alleged offensive matter were but parts of one act as the result of which the letter was produced. It might as well be said that the agent of the defendant corporation who dictated the letter and who afterwards signed it was the third person to whom a publication was made, as to claim that the stenographer who wrote the letter was a third person to whom the defendant published the alleged offensive matter. (*Owen v. Ogilvie Publishing Co.*, 32 App. Div. 465.) The Court of Appeals of Georgia, in *Central of Georgia R. Co. v. Jones* (18 Ga. App. 414), in a syllabus by the court, said: " Where an officer of a corporation, in the prosecution of its business, dictates to his stenographer a letter, directed and mailed to another agent of the corporation, charging therein the

commission of a crime by a third person and authorizing an investigation of the criminal charge, all being employed by the same corporation and being in the performance of their duties, the stenographer and the agent to whom the letter is mailed are not to be regarded as third persons, in the sense that the dictation and mailing of the letter, the stenographer's knowledge of it, and their reading of it constitute a publication of a libel. This court will follow the rule laid down in *Owen* v. *Ogilvie Pub. Co.*, 32 App. Div. 465; 53 N. Y. Supp. 1033."

I am, therefore, of the opinion that there was no publication of the alleged libelous matter, and that sufficient facts were not set forth in the second cause of action in plaintiff's complaint to constitute a cause of action against the defendant.

The order, in so far as it denied defendant's motion as to the second cause of action, should be reversed, with ten dollars costs and disbursements, and said motion granted, with ten dollars costs.

DOWLING, McAVOY, MARTIN and BURR, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.