JOHN KENNEDY et al., Respondents, v. JAMES BUTLER, INC., Appellant.

**Libel — publication — distribution by corporation of libelous circular to managers of its retail stores a publication.**

The sending by defendant, a domestic corporation, to the managers of its retail stores throughout the city of New York, of a circular containing statements in reference to plaintiffs, which, if untrue, are libelous, constitutes a publication, and a complaint so alleging states a cause of action for libel. (*Owen* v. *Ogilvie Publishing Co.*, 32 App. Div. 465, discussed.)

*Kennedy* v. *Butler, Inc.*, 219 App. Div. 712, affirmed.

(Argued May 3, 1927; decided May 10, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 2, 1927, which affirmed an order of Special Term denying a motion, by defendant, for judgment on the pleadings.

*Lilian Herbert Andrews* and *John H. Rogan* for appellant. The letter containing the alleged libel was never published, and an action for libel must be based on a publication of the libel. (*Owen* v. *Ogilvie Publishing Co.*, 32 App. Div. 465; *Wells* v. *Belstrat Hotel Corp.*, 212 App. Div. 366; *Central of Georgia R. Co.* v. *Jones*, 18 Ga. App. 414.)

*John J. White, Jr.*, for respondents.

CRANE, J. The Appellate Division has certified to us the question " Does the complaint in this action state facts sufficient to constitute a cause of action? "

The action is for libel. The complaint alleges that the defendant, a domestic corporation, wrote and caused to be sent to the managers of its retail grocery stores throughout the city of New York a circular which reads as follows:

" Headquarters
                                    *December 1st,* 1925
" # 8080
" To the Manager:—

" On November 10th Edward Kennedy, who was employed in our store at 954 Second Ave., was shot and subsequently died. All Kennedy's expenses while in the Hospital, his doctor bills and legitimate funeral expenses are being paid for by us. His mother, who lives in Ireland will receive suitable compensation amounting to several thousand dollars.

" We are giving you these facts because there are two brothers of Kennedy's [meaning the plaintiffs] in the country who seem to be trying to make capital out of his death. We are informed that they [meaning the plaintiffs] are visiting our stores selling tickets for a benefit which they [meaning the plaintiffs] say is to be held in order to raise money to pay for his funeral expenses. This is entirely unnecessary and an imposition on your sympathy and good will.

                          " Yours truly,
              " JAMES BUTLER GROCERY CO."

This article, it was alleged, was false and untrue, and maliciously written and circulated to injure the plaintiffs.

That the statements contained in the circular are libelous, if untrue, is quite apparent. The statements, however, are not actionable unless published to a third party. The point made by the appellant is that it appears on the face of the complaint that the defamatory matter has not been published. Was the sending of this circular to the managers of the defendant's various retail stores throughout the city of New York a publication of the libel?

The case of *Prins* v. *Holland-North America Mortgage Co.* (107 Wash. 206) held that the publication of a libel is the communication of defamatory matter to some third

party and that there is no publication of a libelous letter written at the main office of a corporation and sent to its own branch office where it is read only by its own officers and agents. Such also was the ruling in *Central of Georgia R. R. Co.* v. *Jones* (18 Ga. App. 414). Both of these cases referred to a decision of the Appellate Division of the Supreme Court of this State (*Owen* v. *Ogilvie Publishing Co.*, 32 App. Div. 465) which held that a letter having reference to the business of a corporation and containing libelous matter is not published within the meaning of the Libel Law when dictated by the manager of the corporation to his stenographer. It is to be noticed, however, that the opinion in that case concedes that there can be a publication of a libel by a corporation by reading the libeous matter to a servant of such corporation or delivering it to be read. It says: " Where the duties devolved upon such servant are distinct and independent of the process by which the libel was produced, he might well stand in the attitude of a third person through which a libel can be published. But such rule may not be applied where the acts of the servants are so intimately related to each other as is disclosed in the present record and the production is the joint act of both."

This decision, therefore, went no further than to hold that libelous matter bearing upon the work of the corporation, dictated to a stenographer, written out and signed, is not a publication thereof. Whether such a letter sent out to other employees would be a publication was not decided. The *Ogilvie* case did not come to this court and apparently is in conflict with the cases of *Pullman* v. *Hill & Co., Ltd.* ([1891] 1 Q. B. 524); *Gambrill* v. *Schooley* (93 Md. 48); *Ferdon* v. *Dickens* (161 Ala. 181); *Nelson* v. *Whitten* (272 Fed. Rep. 135). Newell in his work on Libel and Slander speaks of the *Gambrill* decision as being the leading American case (4th ed. p. 242). (See, also, Odgers on Libel & Slander [5th ed.], p. 161.)

Whether this court would uphold the ruling in the

*Ogilvie* case or follow these other decisions we are not called upon to determine as the point is not here. A later case (*Wells* v. *Belstrat Hotel Corporation,* 212 App. Div. 366) referred to it. That corporate action confined within itself, although libelous in its nature but never circulated or distributed beyond the agents or servants taking such action, may not amount to a publication, see *Senancour* v. *Societe La Prevoyance* (146 Mass. 616); *Landis* v. *Campbell* (79 Mo. 433).

The alleged action of the defendant in this case goes much further. The circular was sent to the heads of the various stores throughout the city of New York, touching a matter which might appeal to their sympathy or good will. They were warned by the employer not to be imposed upon by the plaintiffs who were seeking to make capital out of the death of their brother by soliciting money. Here in our judgment was a publication. The defamatory matter was sent out and circulated by and in the name of the corporation after having been written by its employees.

Whether such a publication were privileged — a privileged communication — is another matter. Privilege presupposes publicity. The plea of privilege is unnecessary if there has been no publication. (*Klinck* v. *Colby,* 46 N. Y. 427; *Bacon* v. *Michigan Central R. R. Co.,* 55 Mich. 224; Odgers on Libel & Slander [5th ed.], p. 636; Newell on Libel & Slander [4th ed.], pp. 617, 618; *Garr* v. *Selden,* 4 N. Y. 91; *Mase* v. *Reilly,* 206 App. Div. 434; *Tierney* v. *Ruppert,* 150 App. Div. 863, 866.)

The question certified should, therefore, be answered in the affirmative and the order appealed from affirmed, with costs.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.