■ LESTER E. MAY, Respondent, v. PEEKSKILL MILITARY ACADEMY, Appellant. PETER P. GEORGE, Respondent, v. PEEKSKILL MILITARY ACADEMY, Appellant. ROBERT RYAN, Respondent, v. PEEKSKILL MILITARY ACADEMY, Appellant.— In three separate but similar actions by three separate persons to recover damages for breach of separate contracts of employment, the appeals are from orders insofar as they deny a motion in each action to dismiss the complaint for insufficiency. Orders, insofar as appealed from, affirmed, with one bill of $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ LESTER E. MAY, Appellant v. PEEKSKILL MILITARY ACADEMY et al., Respondents. PETER P. GEORGE, Appellant, v. PEEKSKILL MILITARY ACADEMY et al., Respondents. ROBERT RYAN, Appellant, v. PEEKSKILL MILITARY ACADEMY et al., Respondents.— In three separate but similar actions by three separate persons to recover damages for slander, the appeals are from orders insofar as they grant a motion in each action to dismiss the complaint for insufficiency, with leave to plead over. Orders, insofar as appealed from, affirmed, without costs. It is alleged that respondents falsely spoke of appellants that their plot (which resulted in their dismissal from employment in the respondent school) was "Communist-inspired" and "Communist-led". Assuming that the words would have been libelous (*Menchor* v. *Chesley,* 297 N. Y. 94), they are nevertheless not slanderous per se (*Gurtler* v. *Union Parts Mfg. Co.,* 285 App. Div. 643, affd. 1 N Y 2d 5) in the absence of allegations that the words were spoken of appellants with reference to their characters or conduct in their profession. The present complaints contain no such allegations. Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ LESTER E. MAY, Respondent, v. PEEKSKILL MILITARY ACADEMY et al., Appellants. PETER P. GEORGE, Respondent, v. PEEKSKILL MILITARY ACADEMY et al., Appellants. ROBERT RYAN, Respondent, v. PEEKSKILL MILITARY ACADEMY et al., Appellants.— In three separate but similar actions by three separate persons to recover damages for libel, the appeals are from orders insofar as they deny a motion in each action to dismiss the complaint for insufficiency. Orders, insofar as appealed from, affirmed, with one bill of $10 costs and disbursements. Whether or not the matter stated in the letter addressed to the parents of the cadets at the appellant school is privileged is immaterial on the motions to dismiss the complaints for insufficiency. Privilege is a matter of defense to be pleaded and proved. (*Ostrowe* v. *Lee,* 256 N. Y. 36, 41; *Kennedy* v. *James Butler, Inc.,* 245 N. Y. 204, 207.) Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.