STELLA GUTOWSKA, Respondent, *v.* CHILDS COMPANY et al., Appellants.

First Department, March 11, 1958.

*Wm. Francis Corson* of counsel (*Samuel Lippman* with him on the brief; *Garey & Garey*, attorneys), for Childs Company, appellant.

*George J. Conway* for Albert T. Pettis, appellant.

*Abraham S. Robinson* of counsel (*Emanuel Thebner* and *Martin J. McLaughlin* with him on the brief; *Robinson, Thebner & McLaughlin*, attorneys), for respondent.

FRANK, J. In this action for slander, the defendants, Childs Company and Albert T. Pettis, appeal from a judgment rendered against them. (For convenience, the corporate defendant will be referred to as " Childs ".)

The plaintiff testified that Pettis, the manager of one of Childs' stores where she was employed, said of her, "That low down crook, I don't want her here because she steal everything here." The statement was allegedly made at a meeting on March 31, 1952, at which there were present Pettis, Vincent E. Kommer, director of industrial relations for Childs, Robert Muino, business agent of the union of which the plaintiff was a member, Peter Monilo, Mary Podolsky and Joyce Rogers. The latter three were, respectively, shop steward, kitchen delegate and dining room delegate for the union employees in the store where the plaintiff worked.

Two main questions are posed on this appeal. First, the defendants contend that the complaint should have been dismissed because, assuming the words were uttered, there was no publication and the words were qualifiedly privileged. Second, the defendants urge that a new trial is required because of errors in the charge and because the verdict was not alone against the weight of the credible evidence but was excessive. We shall treat these problems in inverse order.

The record is clear that of all those present at the meeting, the plaintiff was the only one who testified that the alleged slanderous words were spoken. Each of the others, except Kommer, testified that the defamatory statement was not uttered. Kommer, called as a witness by the plaintiff, was not questioned about it. Under the circumstances, it was incumbent upon the plaintiff to establish the fact of utterance by a fair preponderance of the credible evidence and it became the primary issue that the triers of the facts were required to determine. The trial court, however, erroneously assumed that the slanderous words had been uttered, and proceeded to charge that "The first question for you to determine is whether or not the slanderous and injurious statements were true". An exception was taken to the quoted instruction and a request was made to charge that if the jury find "that, in fact, Mr. Pettis did not use the alleged slanderous remarks about her, then there must be a verdict for both defendants." The error was emphasized when the Trial Justice not alone declined to correct the mistake, but stated, "I refuse to so charge, except as I have charged." The error was one of substance and sufficiently prejudicial to the rights of the defendants to require a reversal of the judgment. (See *Smulczeski* v. *City Center of Music & Drama,* 3 N Y 2d 498; *Robinson* v. *City of New York,* 5 A D 197.)

The jury awarded a total sum of $25,500 against both defendants, but the basis upon which the damages were fixed is not clearly ascertainable from the record. Although correctly

instructed to return a separate verdict for punitive damages, if any were found, the jury did not do so. It must therefore be assumed that only compensatory damages were awarded. Special damages were established in a sum less than $200. It is our view, therefore, that the judgment cannot be sustained by the proof and is grossly excessive.

As heretofore indicated, none of the persons present at the meeting supported the plaintiff's testimony with respect to the fact of the utterance of the words alleged to have been slanderous. Some of the witnesses who denied hearing the words were persons not proven to be antagonistic to the plaintiff but were her fellow employees. Under the circumstances, the verdict appears to be against the weight of the credible evidence.

For these reasons, a reversal of the judgment and a new trial are required.

The question of privilege does not arise if there has been no publication (*Kennedy* v. *Butler, Inc.,* 245 N. Y. 204, 207).

However, insofar as the question of qualified privilege is concerned, the answers failed to allege that defense. The defendants argue that the affirmative defense could not have been pleaded because the complaint alleged that the words were uttered in the presence of customers as well as fellow employees. Be that as it may, no motion was made to amend the pleading after the plaintiff's proof established that no customers or strangers were present. Privilege is a defense to be pleaded and proved (*Ostrowe* v. *Lee,* 256 N. Y. 36, 41).

The plaintiff was a member of the Chain Service Restaurant Employees' Union, Local No. 42, A. F. L. Under the contract between Childs and the union, the latter was recognized as the " sole and exclusive bargaining agent " of all Childs restaurant employees, including the plaintiff. Article " Twenty " of the agreement provides as follows: " no employee shall be dismissed except for * * * stealing. * * * In the event that the Union shall question the justness of such dismissal and contest the reason therefor, the case shall be referred for adjustment to the Grievance Committee * * * and if not adjusted before the Grievance Committee, shall be submitted for arbitration as hereinafter provided."

There was proof adduced upon the trial that Childs had decided to discharge the plaintiff. The meeting of March 31, 1952 was arranged by Kommer, representing Childs, and Muino, the union business agent, to give the union, through its representatives, an opportunity to inquire into the facts of the discharge and intercede for the plaintiff.

The union contract (art. Six) provides for the designation of those authorized to act for it, as follows: "The Employer agrees that the Union shall have the right to establish, in accordance with the provisions of the Union By-Laws, Shop Committees and Shop Chairmen, such committees and Shop Chairman to be chosen from the employees within the store, *and to be recognized and dealt with as the Union representative within the store.*" (Emphasis supplied.)

We are urged to dismiss the complaint because the words, if the utterance was made, were spoken in the presence of the plaintiff and her agents, who were present in that capacity only. The defendants strenuously insist that under such circumstances there is no publication as a matter of law. It is established law that publication is essential to support an action for slander. (See *Youmans* v. *Smith,* 153 N. Y. 214, 218; *Wells* v. *Belstrat Hotel Corp.,* 212 App. Div. 366, 368; *Mims* v. *Metropolitan Life Ins. Co.,* 200 F. 2d 800; *McDaniel* v. *Crescent Motors,* 249 Ala. 330; *Owens* v. *Ogilvie Pub. Co.,* 32 App. Div. 465, 467; *Kennedy* v. *Butler, Inc.,* 245 N. Y. 204, 207, *supra; Prins* v. *Holland-North America Mtge. Co.,* 107 Wash. 206.)

The plaintiff concedes that Pettis, Kommer, Muino and Manilo attended the meeting in an official capacity, and as to them there might have been no publication. She contends, however, that the other two, Joyce Rogers and Mary Podolsky, had no standing as union representatives or as members of a shop committee to justify their presence at the meeting. The defendants conversely claim that the latter two were members of the shop committee assembled for the express purpose of ascertaining the facts, so that they might decide whether the union should intervene in the plaintiff's behalf and contest her impending discharge. The record, however, fails to establish which of the employees present constituted the shop committee authorized to represent the union. In the absence of that proof, we do not reach the question of lack of publication as a matter of law.

The judgment should be reversed on the law and the facts and a new trial ordered, with costs to abide the event.

RABIN, J. P., VALENTE, McNALLY and STEVENS, JJ., concur.

Judgment unanimously reversed upon the law and upon the facts, and a new trial ordered, with costs to abide the event.