## (March 13, 1958)

In the Matter of the Accounting of MELITA R. MENZEL, as Executrix of ERNEST SUNDAY, Deceased, Appellant. MATILDA SUNDAY, Respondent.— Order denying motion to vacate notice of examination before trial reversed in the exercise of discretion, with costs to appellant, and the motion to vacate granted. The notice of examination sought " all relevant facts and circumstances leading up to and involving" $2,700 in U. S. Bonds, Series E, which were payable on death of the decedent to the executrix individually, and a $1,000 insurance policy which had been assigned to the executrix in her individual name. Under the law, objectant could not have any interest in the U. S. Bonds which were payable to a stated beneficiary. The same applies to the insurance policy, which was assigned as far back as December, 1938. There could be nothing " illusory" about these matters. Moreover, in the circumstances herein, she could not examine on any basis of the application of the Debtor and Creditor Law. Absent any possible legal interest in the transactions into which objectant wanted to delve, it was an improvident exercise of discretion to permit the examination. Concur — Rabin, J. P., Frank, Valente, McNally and Stevens, JJ. [See ante, p. 859.]

## (March 18, 1958)

LOUIS E. GOMPERS, Individually and Doing Business as HOLLAND DUTCH IMPORT Co., Appellant, v. HELEN WEIL, Respondent.

*Per Curiam.* This is an appeal from an order in a libel action denying, in part, a motion to strike certain affirmative defenses interposed in the answer. The complaint alleges, in substance, that the defendant, as agent for a foreign manufacturer, wrote a letter containing defamatory matter concerning the plaintiff to the Chamber of Commerce in the city of Los Angeles, where the plaintiff conducts his business. The communication, pleaded in the complaint *in hæc verba,* charged that the plaintiff was indebted to the defendant's prin-

cipal and that the debt remained uncollected, although the plaintiff was financially able to pay. The letter then stated that the defendant thinks "it is rather unethical to do business this way."

Special Term sustained the sufficiency of the second and third complete defenses and the first and second partial defenses. We affirm the order with respect to the second complete defense.

The third complete defense alleges, in substance, that the publication was privileged as a communication made by one as a party in interest. If the defendant intends by the pleading to assert that a privilege exists generally to issue a defamatory statement because it serves to protect a business interest, unless it be a reply to a defamatory attack, she is in error. The defense as pleaded also lacks validity if it is designed to assert privilege because there is a common interest in the same subject matter. There is no allegation that the parties were members of the Chamber of Commerce, or that there was any obligation on the Chamber with respect to the matter. It is clear that there is no common interest in the debt among the defendant, her principal and the Chamber of Commerce (see *Shenkman* v. *O'Malley*, 2 A D 2d 567, 577; *Sunderlin* v. *Bradstreet*, 46 N. Y. 188; *Kennedy* v. *James Butler, Inc.*, 245 N. Y. 204, 206). The defense is insufficient. The second partial defense which is repetitious of the third complete defense in that it also pleads the defense of privilege, must likewise be stricken.

The first partial defense alleges truth and lack of malice. We are not here concerned with malice, since the complaint does not allege malice nor seek punitive damages. Special Term however permitted it to stand upon the theory that it tended to prove the charge of nonpayment of the debt. The defense is a limited repetition of the second complete defense which was held to be sufficient. Thus, nothing is added by the first partial defense for it is superfluous. The order should be modified on the law to strike the third complete defense and the first and second partial defenses, and as so modified is otherwise affirmed, with costs.

Botein, P. J., Breitel, Frank, Valente and Stevens, JJ., concur.

Order so far as appealed from unanimously modified on the law so as to grant the plaintiff's motion to strike the third complete defense and the first and second partial defenses in the answer and, as so modified, is affirmed, with $20 costs and disbursements to the appellant.