Wilfred A. Waltemade, J.
This is a motion by defendants for an order pursuant to CPLR 3211 (subd. [a], par. 7) dismissing plaintiffs’ third cause of action upon the ground that it is legally insufficient. The third cause of action is one for libel. The plaintiffs are a corporation and its president and the defendants are another corporation and its president.
The action is predicated upon an alleged libel contained in a letter dated January 27, 1965, on the stationery of the corporate defendant. It was signed by the individual defendant in his capacity as president of the corporate defendant, and it was addressed and mailed to the plaintiffs.
*698 The question here is whether there was a publication of the libel contained in the letter. Plaintiffs allege publication in that the letter was dictated by the individual defendant in his capacity as president of the defendant corporation to ‘ ‘ his ’ ’ stenographer who thereafter read and transcribed her notes and typed the letter. Publication is also alleged in that defendants caused the letter and copies thereof to be read by various other persons.
Defendants argue that the dictation of the letter to the stenographer is not a publication thereof inasmuch as both the president and the stenographer are employees of the same corporate defendant. Although the complaint does not specifically allege that the stenographer was an employee of the defendant corporation, the fair inference to be drawn from the allegations of the complaint is that she was so employed.
In ruling on whether there has been a publication of a letter by a corporation pursuant to the dictation of it by a corporate representative to his stenographer, a distinguishable condition must first be observed. The court should first determine that the act of the dictation of the libel by the corporation’s representative was performed within the scope of such employee’s authority. In the case at bar, such question is quickly resolved in the affirmative by a reading of the contents of the letter of January 27, 1965. Without question, the defendant Saul Bobbins, president of the defendant Bemco Industries, Inc., in writing to the plaintiffs, Lux-Brill Productions, Inc. and its president, Bichard S. Dubelman, intended that the accusations were made both as a corporate officer — (“At the moment a law suit is being prepared against you. We will make a demand for all the discrepancies in the billings to us”), and, as an individual when he stated: “ You have cheated me, Dick, for a long period of time ’ ’.
Defendants rely primarily upon the holdings in the cases of Owen v. Ogilvie Pub. Co. (32 App. Div. 465 [1898]) and Wells v. Belstrat Hotel Corp. (212 App. Div. 366 [March, 1925]). These two cases held that there is no publication of a libelous letter if it is written on behalf of a corporation through the dictation thereof by its agent to his stenographer. This has been held to be a single corporate act without the intervention of a third person.
This court is of the opinion that the soundness of the principle of law enunciated in the cases of Owen v. Ogilvie (supra) and Wells v. Belstrat (supra), was questioned by the Court of Appeals in the later cases of Kennedy v. James Butler, Inc. (245 N. Y. 204 [May, 1927]) and Ostrowe v. Lee (256 N. Y. *699 36 [March, 1931]). In the Kennedy case it was held that a libelous statement was published when the defendant corporation sent out a circular containing libelous statements to the managers of its retail stores throughout the City of New York. The Ostrowe case determined that publication arises when an individual dictates a letter to his stenographer who reads her notes thereof and transcribes the letter.
• Certainly if an individual businessman, in the seclusion of his private office, publishes, for the purpose of a libel suit, whatever he dictates to his own stenographer, then no logical reason can be urged why a corporation should not be liable to the same degree when one of its officers, through whom alone it can only act, within the scope of his authority, dictates a libelous statement to his fellow employee who reads and transcribes the notes of such dictation. Any rule that would treat the stenographer of a corporation differently from the stenographer of a private businessman, with reference to the publication of a libelous statement, would not be sound or just. A continuation of the rule of law enunciated in the cases of Owen v. Ogilvie (32 App. Div. 465, supra) and Wells v. Belstrat Hotel Corp. (212 App. Div. 366, supra) would create a special immunity for corporations and their officers and employees. A sanctuary would be created behind which a corporation and its officers and employees could libel others with impunity. This court cannot believe that the law intended to subject the individual businessman to actions in libel while insulating corporations from similar suits predicated solely upon the fictional device that publication is accomplished when an individual dictates to his own stenographer and no publication results from the dictation of the same libel by a corporate officer to a corporate stenographer.
If a corporate defendant can be said to havd published a libel by circulating it among its own employees, who are the managers of its stores, as held in the case of Kennedy v. James Butler, Inc. (245 N. Y. 204, supra) then surely a dictation of that same libel by a corporate officer to one of its stenographers who reads and transcribes her notes of such dictation, must perforce be a publication. A corporate stenographer is no less a corporate employee than its store managers.
Accordingly, the court rules that the third cause of action is legally sufficient and the issues set forth therein are to be litigated at a trial. The motion to dismiss is denied.