PHILIPPE DE SÉNANCOUR *vs.* SOCIÉTÉ LA PRÉVOYANCE.

Suffolk.     March 13, 1888. — May 4, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Libel — Publication.*

A beneficiary association appointed a committee to investigate a bill presented by a member, and the committee made without authority a libellous report in print at a regular meeting, by placing on the secretary's desk copies thereof, which were then freely taken from the desk by the members present. The association then voted to hold a special meeting for action on the report, at which meeting a vote was passed to adopt it. *Held,* that there was no publication of the libel by the association.

TORT for libel.  The declaration also contained counts for damages for the expulsion of the plaintiff from membership in the defendant society, and for the lapse of his certificate of insurance.

Trial in the Superior Court, without a jury, before *Barker*, J., who found for the defendant, and reported the case for the determination of this court, in substance as follows.

The defendant was a beneficiary association for persons speaking the French language, which, in addition to insuring the lives of members, made them a certain allowance a week when they were ill, and paid for those things which the attending physician might prescribe.  The plaintiff had suffered from a long illness during the summer of 1885, and at the regular society meeting in October presented a bill for his weekly allowance.  At that meeting the society voted to appoint a committee to investigate this bill among others, and a committee of three were appointed for that purpose.  At the next regular meeting the committee made a report in print, by placing on the secretary's desk copies of this report, which were then freely taken from the desk by members present, and then passed about in the meeting.  This report contained libellous and defamatory references to the plaintiff's character, and recommended that he be expelled from the society. Some of these copies afterwards came into the hands of persons not members, but there was no publication of them by the society other than the distribution of them at the meeting, as above stated.  It was voted to hold a special meeting to act upon the report, at which the report was adopted by an almost unanimous vote.  The plaintiff was notified subsequently that he had been expelled from further membership in the defendant society, and was threatened with bodily harm if he again appeared at its meetings.

The judge found that the committee of investigation were not specially directed or authorized by any vote or regulation of the society to make their report in print, and ruled that, upon the facts, the defendant could not be held responsible for any publication of the libel, that the plaintiff remained a member of the society, notwithstanding the vote of expulsion, and that the certificate of insurance was not annulled.  If the rulings were correct, judgment was to be entered on the finding for the defendant; otherwise, such disposition of the cause was to be made as law and justice might require.

*E. B. Goodsell*, for the plaintiff.

*C. J. Noyes & E. B. Callender*, (*L. Girardin* with them,) for the defendant.

C. ALLEN, J. The defendant corporation appointed a committee to investigate certain bills presented by the plaintiff, without specially directing or authorizing them, by any vote or regulation of the corporation, to make their report in print; and, in the absence of any usage to that effect, there was no express or implied authority to the committee to make or circulate a report on a subject of this nature in print. Such an act cannot be said to have been done in the due course of their employment, there being nothing to show, or to raise any inference, that the corporation had any reason to expect or understand that it would be so done. The committee, however, made a report in print at a regular meeting, by placing on the secretary's desk printed documents or reports, which were then freely taken from the desk by members present in the meeting, and which were libellous. In all this, there was nothing for which the corporation was responsible. It was only the individual acts of the committee, and of certain members. The omission of the secretary to prevent members from taking the reports from his desk was not sufficient, as matter of law, to put upon the corporation the responsibility for their circulation. All that the corporation did at that meeting in respect to the report was to vote to hold a special meeting to pass upon its adoption. At the next meeting, the corporation voted to adopt the report; but this was not a publication of it, and no fact is stated which shows that the corporation gave to the report any currency or circulation, or any sanction to its previous circulation. It is not as if the corporation, after adopting the report, had circulated it. *Philadelphia, Wilmington, & Baltimore Railroad* v. *Quigley*, 21 How. 202. *New Brunswick & Canada Railway* v. *Conybeare*, 9 H. L. Cas. 711, 725. Under these circumstances, there was no evidence of any publication of the libel by the defendant.

The court did not reach the question of privilege, having disposed of the case on the ground that there was no publication, and that question, therefore, is not to be considered here.

The plaintiff at the argument did not insist on his claim for damages for the vote by which the defendant assumed to expel him from membership.          *Judgment for the defendant.*