[No. 14869.   Department One.   May 28, 1919.]

R. PRINS, *Appellant,* v. HOLLAND-NORTH AMERICA
MORTGAGE COMPANY, *Respondent.*[1]

LIBEL AND SLANDER — PUBLICATION — ACTS — LETTER TO BRANCH
OFFICE.  Publication of a libel is the communication of defamatory
matter to some third person, and there is no publication by a libelous
letter written at the main office of a corporation and sent to its own
branch office where it was read only by its own officers and agents.

Appeal from a judgment of the superior court for
King county, Frater, J., entered November 22, 1917,
upon sustaining a demurrer to the complaint, dismiss-
ing an action for libel.   Affirmed.

*Fred W. Catlett,* for appellant.
*Ballinger, Battle, Hulbert & Shorts,* for respondent.

FULLERTON, J.—The action is for libel.   The defend-
ant is a corporation organized under the laws of the
Kingdom of the Netherlands, having its principal
office at Gorinchem therein.   It is engaged in the busi-
ness of loaning money on first mortgage security.   It
has a branch office at Seattle, in this state, of which the
plaintiff was formerly sole manager, and at the time
of the publication claimed to be libelous, was co-man-
ager with one Wabeke.   The publication complained
of is a letter written by the defendant at its main office
and sent to its branch office at Seattle.   The letter was
written in the Dutch language, and, as translated in
the complaint, reads as follows:

"Gorinchem, Oct. 17th, 1916.
"Holland North America Mortgage Co.,
      "Seattle,                              No. 65
   "Gentlemen:   The accountant has finished the profit
and loss account over the first half year.   The result

[1]Reported in 181 Pac. 680.

is very regrettable, as you can see from enclosed copy. The profit only amounts to Fl. 885.10. This bad result must be ascribed wholly and totally to the little activity in the investing of the money's in America during the first half year.

"If a considerable amount is not very soon placed on first mortgage, the loss by Dec. 31, next will be considerable. Nearly the total amount of the issue is yet to be loaned out, *this* causes us loss of interest of nearly 4% per annum, and *this* is the cause of the big loss we now have to expect. It looks to us that although there are many good deals that could have been made, we have failed to have a good organization. De Noord Amerikaasche Hyp. Bank at Leeuwarden which has placed this year a considerable greater amount of bonds than we have, is now again advertising that it is selling 5½% bonds. This, it certainly would not do, if it still had considerable sums for investment.

"We trust, however, that our business is now being conducted with a firm hand in the right path and we soon shall receive reports about investments. With very great interest we are looking forward to this.

"Respectfully,

"Holland Noord-Amerika Hypotheekbank,

(Cop)                    "F. Fernhout—B. Cool."

The letter was received at the branch office at Seattle in due course, and was read by Wabeke and a bookkeeper in the office, both of whom understood the Dutch language. No other publication of the libel is set forth in the complaint.

In his complaint, the plaintiff set forth his relation with the defendant, his sole management of the business in America during the period spoken of in the letter; averred that the letter was written with malice, that it was false and defamatory, and by innuendo sought to show that it charged him with neglect of duty, want of capacity and breach of trust, and hence was *per se* libelous.

To the complaint the defendant interposed a demurrer, which the trial court sustained. The appellant elected to stand upon the complaint, whereupon the court entered a judgment of dismissal with prejudice. The plaintiff has appealed.

The ground upon which the trial court rested its judgment does not appear in the record. It would seem, however, that the judgment can be justified on any one of several grounds. Since we have concluded there was no publication of the libel, within the meaning of the rule relating to such publications, this is the only question we shall discuss.

Publication of a libel is the communication of the defamatory matter to some third person or persons. Here the communication was sent from the main office of the company to its branch office. Until the appellant himself spread the letter broadcast to the world, it does not appear from the complaint that it was exhibited to any one other than the officers and employees of the respondent company, whose very duties in the conduct of the ordinary business of the company brought them in contact with it. Agents and employees of this character are not third persons in their relations to the corporation, within the meaning of the laws pertaining to the publication of libels. For the time being, they are a part and parcel of the corporation itself, so much so, indeed, that their acts within the limits of their employment are the acts of the corporation. For a corporation, therefore, acting through one of its agents or representatives, to send a libelous communication to another of its agents or representatives cannot be a publication of the libel on the part of the corporation. It is but communicating with itself. The corporation can act only through officers and agents, and the officers and agents authorized to act for it are as much a part of the corporation at one place

as at another, and the receipt or perusal of the letter by the corporation officers and agents at Seattle was as much the act of the corporation as was the writing of the letter by an officer or agent at the place of origin of the letter. It is not the publication of a libel for a person to write and mail a libelous letter to the person libeled if he gives it no further publication; and, for a much stronger reason, it is not a publication of a libel for one person to write a libelous letter to himself which he exhibits to no other person. It must follow that a corporation, although it can act only through officers and agents, is not guilty of publishing a libel when it writes a libelous letter at one of its branch offices and mails it to another.

We are aware that the foregoing principle has not met with uniform approval. It is the rule announced, as we read the case, in *Owen v. Ogilvie Pub. Co.*, 32 App. Div. 465, 53 N. Y. Supp. 1033. There it was said:

"The law is elementary that there can be no libel without a publication of the libelous matter. We may assume that this letter was libelous. Was there a publication of it by the corporation, within the meaning of the law? Ordinarily, when a letter is written and delivered to a third person, with the intent and expectation that it shall be read by such person, and it is actually read, the publication is complete. *Youmans v. Smith*, 153 N. Y. 214, 47 N. E. 265. Has such rule application to the facts of this case? The letter was dictated to a stenographer, and was by her copied out, was signed by the manager, was then inclosed in an envelope, and sent by mail to the address of the plaintiff. It may be that the dictation to the stenographer and her reading of the letter would constitute a publication of the same by the person dictating it, if the relation existing between the manager and the copyist was that of master and servant, and the letter be held not to be privileged. Such, however, was not the rela-

tion of these persons. They were both employed by a common master, and were engaged in the performance of duties which their respective employments required. Under such circumstances we do not think that the stenographer is to be regarded as a third person in the sense that either the dictation or the subsequent reading can be regarded as a publication by the corporation. It was a part of the manager's duty to write letters for the corporation, and it was the duty of the stenographer to take such letter in shorthand, copy it out, and read it for the purpose of correction. The manager could not write and publish a libel alone, and we think he could not charge the corporation with the consequences of this act, where the corporation, in the ordinary conduct of its business, required the action of the manager and the stenographer in the usual course of conducting its correspondence. The act of both was joint, for the corporation cannot be said to have completed the act which it required by the single act of the manager, as the act of both servants was necessary to make the thing complete. The writing and the copying were but parts of one act; i. e., the production of the letter. Under such conditions we think the dictation, copying, and mailing are to be treated as only one act of the corporation; and, as the two servants were required to participate in it, there was no publication of the letter, in the sense in which that term is understood, by delivery to and reading by a third person. There was in fact but one act by the corporation, and those engaged in the performance of it are not to be regarded as third parties, but as common servants engaged in the act.''

In *Gambrill v. Schooley*, 93 Md. 48, 48 Atl. 730, 86 Am. St. 414, 52 L. R. A. 87, the case is commented upon and the doctrine disapproved. The precise question, however, was not before the court; the question there being whether the dictation of a libelous letter by an individual defendant to a stenographer in his employ was a publication of the letter by the person who dic-

tated it. If the court adheres to this doctrine when the question is squarely before it, seemingly it must also hold that the very act of writing the letter is a publication, since the writer, of necessity, must act as the agent of the corporation, and clearly he is no more or no less an agent of the corporation than is a stenographer employed by it. The powers of certain officers and agents of a corporation with reference to its business, it is true, may be more extended than are the powers of others; but when each acts in his line of duty to the common employer, plainly the acts of the one are to be accorded the same legal effect as the acts of the other.

The cases cited from this court we need not review. None of them touch upon the question here for determination, much less do they require a contrary conclusion.

The judgment is affirmed.

HOLCOMB, MAIN, MOUNT, and PARKER, JJ., concur.