## Walker v. Tucker.

(Decided June 3, 1927.)

### Appeal from Pulaski Circuit Court.

1. Libel and Slander.—Where words alleged to constitute slander are not actionable per se, both malice and damage must be alleged and proved.

2. Libel and Slander.—Words are "actionable per se" when they impute a crime involving moral turpitude, unfitness for an office or employment, an infectious disease likely to exclude the person spoken of from society, or when they prejudice him in his trade or profession or tend to disinherit him.

3. Libel and Slander.—Oral words charging girl with being bastard held not actionable per se.

4. Libel and Slander.—Complaint, in action against defendant for calling plaintiff bastard, alleging only mental humiliation and strain, coupled with statement that plaintiff was forced to leave school, held subject to demurrer as not alleging special damages, since words were not actionable per se.

J. L. COLYER, R. L. BROWN and SIMPSON PHELPS for appellant.

W. N. FLIPPIN and E. T. WESLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

In this action of slander a demurrer was sustained
to the petition as amended, and the petition was dismissed. Plaintiff has appealed.

The language which, it is claimed, the defendant
falsely and maliciously spoke of and concerning plaintiff
is: ''Mae Walker is a bastard. John Walker, her reputed
father, is not her father.'' It appears from the pleadings
that at the time the words were spoken plaintiff was a
school girl, attending school at Pisgah, Pulaski county,
and was respected by her teachers, school children, and
all good people of that county. It is alleged that the
words were maliciously spoken and spread to injure plaintiff in her reputation, and to bring her shame, ridicule,
and disgrace in the estimation of the teachers, pupils, and
of all good people of Pulaski county. It is further alleged that the words were publicly spoken and spread
by the defendant among the teachers and all the pupils
attending the school, and that many of them believed the
words were true, and that plaintiff ''was so humiliated,
and suffered so great mental strain on account of said
language being spread by defendant, and felt that she
was and would be neglected and slighted by her schoolmates to such an extent that she was forced to abandon
and leave school.''

Words are said to be actionable per se when there is
a conclusive presumption of malice and damage. When
not actionable per se, both malice and damage must be
alleged and proved. 17 R. C. L. 264; Baker v. Clark, 186
Ky. 816, 218 S. W. 280. Words falsely spoken are actionable per se only when they impute (1) the commission
of a crime involving moral turpitude for which the party
might be indicted and punished; (2) an infectious disease
likely to exclude him from society; (3) unfitness to perform the duties of an office or employment; or (4) prejudice him in his trade or profession; or (5) tend to disinherit him. Spears v. McCoy, 155 Ky. 1, 159 S. W. 610, 40 L.
R. A. (N. S.) 1033. It is at once apparent that the words
on which this action is based do not fall within any of
these classes. Indeed, it is the well-established rule that
oral words charging a person with being a bastard are
not actionable per se (36 C. J. 1170; Maxwell v. Allison,
11 Serg. & R. (Pa.) 343; Hoar v. Ward, 47 Vt. 657;

Paysse v. Paysse, 84 Wash. 351, 146 P. 840), and the situation is not changed by the further charge that one's reputed father is not her father, as that is simply a different way of saying the same thing.

It remains to determine whether there was a sufficient plea of special damages. Whether if it had been alleged that because of the charge plaintiff was excluded from the school the petition would have been sufficient, we need not inquire. There is simply an allegation of humiliation and mental strain, coupled with the statement that plaintiff felt that she was and would be neglected and slighted by her schoolmates to such an extent that she was forced to abandon and leave the school. At most, this is simply an allegation of mental suffering, and, under the rule prevailing in this and many other jurisdictions, mental suffering alone is not sufficient to show special damages that will support an action for words not actionable per se. Taylor v. Mosely, 170 Ky. 592, 186 S. W. 634, Ann. Cas. 1918B, 1125; Hirshfield v. Ft. Worth National Bank, 83 Tex. 452, 18 S. W. 743, 15 L. R. A. 639, 29 Am. St. Rep. 660.

It follows that the demurrer to the petition was properly sustained.

Judgment Affirmed.