## BIGGS v. ATLANTIC COAST LINE R. CO.
### No. 6870.

Circuit Court of Appeals, Fifth Circuit.
July 21, 1933.

George Palmer Garrett, of Orlando, Fla., for appellant.

Le Roy B. Giles and Warren B. Parks, both of Orlando, Fla., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This is a suit brought against a corporation alone to recover damages for libel. The cause of action alleged is substantially this: Appellant, Biggs, was employed by the Atlantic Coast Line Railroad as chief clerk in the freight office at Orlando, Fla. He was dismissed from his position, and the company declined to reinstate him because of certain false, malicious, and libelous statements made by R. A. McCranie, assistant general manager of the railroad, in letters, in the course of the business of the railroad, to J. N. Brand, general manager of the railroad, and C. C. Blanc, superintendent of the railroad. The libelous statements are set out in the complaint with appropriate innuendo and allegations of falsity and malice. We need not repeat them.

It is sufficient to say they were actionable, if there was publication and the communications were not privileged. Appellee demurred, setting up that there was no publication of the libel, the communications were privileged, and the company had the right to discharge Biggs and refuse to reinstate him, with or without cause. The demurrer was sustained with leave to amend. Appellant declined to do so and the suit was dismissed. This appeal followed.

The declaration alleges that the letters were written in the course of the company's business. It is not alleged that they were published to any one other than to the officers of the company to whom they were addressed. There is considerable conflict in the authorities, but we consider the better rule, supported by the weight of authority, is that where a letter is private, between officers of a corporation, in the course of the company's business, and is not communicated to others, there is no publication in respect of the corporation and it cannot be held in damages. The following authorities support this conclusion: Prins v. Holland-N. A. Mortgage Co., 107 Wash. 206, 181 P. 680, 5 A. L. R. 451; George v. Georgia Power Co., 43 Ga. App. 596, 159 S. E. 756; Chalkey v. Atlantic Coast Line R. Co., 150 Va. 301, 143 S. E. 631; Cartwright-Caps Co. v. Fischel & Kaufman, 113 Miss. 359, 74 So. 278, L. R. A. 1918F, 566, Ann. Cas. 1917E, 985; Freeman v. Dayton Scale Co., 159 Tenn. 413, 19 S.W.(2d) 255; Knight v. Georgia Southwestern & G. Ry. Co., 18 Ga. App. 539, 90 S. E. 81; Owen v. J. S. Ogilvie Pub. Co., 32 App. Div. 465, 53 N. Y. S. 1033; Wells v. Belstrat Hotel Corp., 212 App. Div. 366, 208 N. Y. S. 625; De Senancour v. Societe Le Prevoyance, 146 Mass. 616, 16 N. E. 553; Central of Georgia Ry. Co. v. Jones, 18 Ga. App. 414, 89 S. E. 429; Cooley on Torts (4th Ed. 1932) vol. 1, § 137, p. 455; Newell, Slander and Libel (4th Ed. 1924) § 176, p. 220; 36 Corpus Juris, Libel and Slander, § 174, p. 1225.

There is also high authority holding that communications between officers of a corporation are privileged, Philadelphia, Wilmington & Baltimore Railroad Co. v. Quigley, 21 How. 202, 16 L. Ed. 73; Globe Furniture Co. v. Wright, 49 App. D. C. 315, 265 F. 873, 18 A. L. R. 772; but to rest the decision on this ground would involve an inquiry as to the good faith of the defendant. As there was no publication of the libel, whether the communications were privileged is immaterial.

Affirmed.