James N. DOSSETT, Appellant,

v.

NEW YORK MINING AND MANUFACTURING COMPANY, Appellee.

Court of Appeals of Kentucky.

March 13, 1970.

James W. Owens, Charles A. Williams & Associates, Paducah, for appellant.

John C. Lovett, Benton, for appellee.

STEINFELD, Judge.

Appellant, James N. Dossett, sued appellee, New York Mining and Manufacturing Company, a corporation, and Herbert Barlow for slander. From a summary judgment dismissing the complaint as to the company Dossett appeals. We reverse.

On January 3, 1966, the company discovered a shortage of copper wire, causing a disruption of plant activity. The plant manager notified W. C. Jones, Jr., his superior, a non-resident vice-president who had supervisory charge over the operations of the plant. Jones suggested an investigation after which Barlow informed Jones that Dossett had admitted removing scrap metal and selling it to a dealer but denied taking any copper wire. Jones directed Barlow to discharge Dossett but instructed him not to institute criminal proceedings. Dossett claims that his discharge occurred in the presence and hearing of other persons and that on that occasion Barlow accused Dossett of being a thief.

Dossett proceeded, pursuant to a union contract, to appeal his discharge to a grievance committee. After a hearing, attended by Jones, Barlow and other plant officials they learned of the contention of Dossett that Barlow had slandered him. Barlow was then discharged from employment and Dossett was reinstated.

In support of its motion for summary judgment (CR 56.02) the company filed affidavits of Jones and J. B. Taggart, the executive vice-president of the company. Jones' affidavit showed that he did not authorize or ratify the alleged slanderous statements made by Barlow but that he was authorized " * * * to discharge Dossett for removing company property from company premises without proper authorization and selling company property without proper authority." Taggart swore that no officer or director had ever authorized, confirmed or ratified any slanderous statements allegedly made by Barlow.

To counter Dossett filed his affidavit stating that " * * * Barlow said he was firing me for 'stealing company property'." The affidavit of Joe Smith, Jr., filed in opposition to the motion, said he had heard that " * * * Jim Dossett was in trouble over some wires which had been cut * * * ", that he had " * * * checked with Mr. Barlow, the general manager, and

he said the matter of picking up brass was being investigated. He said * * * he had caught a man stealing company property and had gone down to the man's truck and called all the other men around and had fired the man." Smith's affidavit continued: "Barlow asked the union officers, including me, (I was vice president) to fire Jim Dossett. We told him that we would not do it and that the union would not let him fire Dossett. We told Barlow to call Dossett in and chew him out if he wanted to, but he could not fire him."

■ To prevail on motion for summary judgment " * * * the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, (must) show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. We reiterated in Stewart v. Lawson, Ky., 437 S.W.2d 733 (1969), that the movant fails unless it " * * * is shown with such clarity that there is no room left for controversy and it is established that the adverse party cannot prevail under any circumstances." The record must be viewed in a light most favorable to the party opposing the motion for summary judgment. Isaacs v. Cox, Ky., 431 S.W. 2d 494 (1968); Booth v. Barber Transport Company, C.A.8 1958, 256 F.2d 927; Alaniz v. United States, C.A.10, 1958, 257 F.2d 108 and Poller v. Columbia Broadcasting System, Inc., U.S.App.D.C. 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

■ Summary judgment procedure (CR 56) is designed to expedite the disposition of cases and avoid unnecessary trials when no genuine issues of fact are raised. 7 Ky.Practice, Clay 156. However, it should be used with caution in tort cases. McDaniel v. Douglas Motor Co., Ky., 438 S.W.2d 329 (1969).

The order granting the summary judgment does not reveal the basis upon which the motion was sustained but the gist of the argument here presented, and the only one with which we will deal, is that the corporation could not be held liable even though Barlow slandered Dossett as it did not authorize or ratify his utterances.

Newberry Co. v. Faulconer, 248 Ky. 59, 58 S.W.2d 217 (1933), stated "Under a well-recognized rule which has long prevailed in this jurisdiction, a master cannot be held liable for slanderous words spoken by his agent unless he directs or authorizes the utterance of the actionable words or approves or ratifies his act in speaking them. And this rule applies without respect to whether the master be an individual, a partnership, or a corporation. (citing cases)." Similar expressions were repeated in Fordson Coal Co. v. Carter, 269 Ky. 805, 108 S.W.2d 1007 (1937).

A rule contrary to that expressed in the Newberry and Fordson cases was followed in actions for libel committed by employees of a corporation in Pennsylvania Iron Works Co. v. Henry Vogt Mach. Co., 139 Ky. 497, 96 S.W. 551, 29 KLR 861, 8 L.R.A.,N.S., 1023 (1906) and Wells v. Payne, 141 Ky. 578, 133 S.W. 575 (1911).

Corporations have been held liable for slander in most jurisdictions under the same conditions as liability is imposed for the publication of a libelous statement. See 150 A.L.R. 1340 and 13 Am.Jur. 1053, Corporations, section 1127. In the latter text it is stated:

"The rule generally prevailing and supported by the overwhelming weight of authority is that a corporation is liable for slander uttered by its officer, agent, or employee with its authority or within the scope of his employment in the course of the corporate business in which he is engaged or employed. This rule is applicable although the corporation has no knowledge of the slander and does not approve of it and whether the individual uttering the slander is a managing officer or a mere agent. Under this rule it has been held that to charge a corporation with slander for words

spoken by its agent, the evidence need only show that the words spoken were within the apparent scope of the agent's employment or be sufficient to imply an authority to represent the company in their utterance."

These holdings are also discussed in 19 C.J.S. Corporations § 1280, p. 958. All of those works recognize that there is authority to the contrary.

 Having re-examined our holdings and the rules announced by the vast majority of the courts we now agree that there should be no difference in the rule applicable to slander from that which applies in cases of libel. The rationale of Pennsylvania Iron Works Co. v. Henry Vogt Mach. Co., supra, applies in both instances.

Grimes v. Coyle, 45 Ky. (6th B. Monroe) 301 (1845), pointed out that the public interest requires that expressions of suspicions founded upon facts detailed and prudently made in good faith and as confidentially as circumstances will permit, to aid in detecting felonies do not give rise to an action for slander against the person expressing his suspicions. We continue to adhere to the principles of non-liability announced in Grimes v. Coyle,[1] supra. They apply to discussions and communications *within the company* which are necessary to its proper function and the enforcement of the law. McDaniel v. Crescent Motors, 249 Ala. 330, 31 So.2d 343, 172 A.L.R. 204 (1947); Prins v. Holland-North America Mortg. Co., 107 Wash. 206, 181 P. 680, 5 A.L.R. 451 (1919); 33 Am.Jur. 111, Libel and Slander, section 108 and 166 A.L.R. 123. However, to the extent that our earlier cases granted immunity to corporations for slanderous utterances by agents and servants within the scope of their authority they are overruled.

In the case before us Barlow was authorized to discharge Dossett. If the evidence shows that in carrying out these orders and acting within the scope of his employment in doing so, he committed slander his employer may be called upon to answer.

The summary judgment dismissing is reversed for further proceedings consistent with this opinion.

MILLIKEN, PALMORE and REED, JJ., concur.

EDWARD P. HILL, Jr., C. J., and NEIKIRK and OSBORNE, JJ., dissent.

1. Grimes v. Coyle, 45 Ky. (6th B Monroe) 301 (1845), was cited with approval in Bazzell v. Illinois Central Railroad Co., 203 Ky. 626, 262 S.W. 966, 968 (1924), and J. B. Colt Co. v. Grubbs, 206 Ky. 809, 268 S.W. 817, 819 (1925), which were actions for malicious prosecution.