Phinus BREWER, Plaintiff–Appellant,

v.

AMERICAN NATIONAL INSURANCE COMPANY, Richard A. Cohen and E. E. "Johnny" Johnson, Defendants–Appellees.

No. 79–3209.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 16, 1980.

Decided Dec. 16, 1980.

Rehearing Denied Feb. 24, 1981.

---

* Honorable Scott Reed, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Larry D. Raikes, Hodgenville, Ky., for plaintiff–appellant.

John P. Sandidge, Woodward, Hobson & Fulton, Richard H. C. Clay, Louisville, Ky., for defendants–appellees.

Before KEITH, KENNEDY and JONES, Circuit Judges.

CORNELIA G. KENNEDY, Circuit Judge.

Plaintiff–appellant appeals from a directed verdict for defendants–appellees in this action for slander. Brewer held a general agency contract with appellee, American National Insurance Company, covering certain counties in Kentucky. His area was under the supervision of American National employee, Richard A. Cohen, who in turn was supervised by E. E. "Johnny" Johnson. Brewer sued Cohen, Johnson, and American National charging that Cohen made false and defamatory statements to Johnson about the manner in which Brewer conduct-

ed his agency, which caused Johnson to terminate the agency contract. A jury trial commenced. At the close of appellant's case, the District Court directed a verdict for Johnson as there was no evidence Johnson made any false or defamatory statements. At the close of appellees' evidence, the District Court directed a verdict as to Cohen and American National, ruling that there was no publication when statements were made by one corporate employee to another corporate employee regarding the corporation's business.

A number of jurisdictions hold that a statement made by one corporate or business associate to another concerning the functions of the business is not a publication. *See, e. g., United States Steel Corp. v. Darby*, 516 F.2d 961, 964 (5th Cir. 1975) (memorandum by corporate employees circulated only to corporate employees or subsidiary concerning customer of corporation not a publication); *Biggs v. Atlantic Coast Line R. R. Co.*, 66 F.2d 87 (5th Cir. 1933) (letter communicated only to officers of the corporation, assistant general manager to general manager and superintendent, written in the course of business, is not a publication); *Jackson v. Douglas County Electric Membership Corp.*, 150 Ga.App. 523, 258 S.E.2d 152, *cert. denied, Ga.S.Ct.* (1979) (exhibition of letter concerning plaintiff's account to corporate employee who supervised customer accounts is not a publication); *LuAllen v. Home Mission Board of Southern Baptist Convention*, 125 Ga.App. 456, 188 S.E.2d 138 (1972) (no publication where report of plaintiff's performance only sent to those other employees whose duties included supervising plaintiff); *Ellis v. Jewish Hospital of St. Louis*, 581 S.W.2d 850 (Mo.App.1979) (no publication by including in the plaintiff's personnel file an evaluation or by disclosing evaluation to supervisory personnel); *Magnolia Petroleum Co. v. Davidson*, 194 Okl. 115, 148 P.2d 468, 471 (1944) (no publication when one employee had a duty to investigate and told another employee the results of his investigation). *But see Land v. Delta Airlines, Inc.*, 147 Ga.App. 738, 250 S.E.2d 188, 189 (1978) (memorandum from plaintiff's supervisor to his superiors was conditionally privileged; no evidence of malice).

Other jurisdictions hold that such statements are publications, but are qualifiedly privileged. The Restatement of Torts § 577, Comment i (1938), states that the communication within the scope of employment by one agent to another of the same principal is a publication by the agent and by the principal. Communications from one associate to another concerning the discharge of an employee would be qualifiedly privileged. Restatement of Torts § 596, Comment b (1938). *See Rickbeil v. Grafton Deaconess Hospital*, 74 N.D. 525, 23 N.W.2d 247, 166 A.L.R. 99, 113 (1946). *See generally M. F. Patterson Dental Supply Co. v. Wadley*, 401 F.2d 167, 171 & n.2 (10th Cir. 1968); 50 Am.Jur.2d *Libel and Slander* § 167 (1970); Annot., 62 A.L.R.2d 1207 (1975); Annot., 166 A.L.R. 114 (1947).

Unfortunately, we can find no Kentucky case which decided the issue. In several cases that are similar to the fact situation before this Court, Kentucky courts held the statements were qualifiedly privileged without discussing whether or not the same statements within the corporate sphere would have been publications. *See Conner v. Taylor*, 233 Ky. 706, 26 S.W.2d 561 (1930) (farmer had qualified privilege to tell employee's family who had been sent by employee why farmer did not want employee back); *Baker v. Clark*, 186 Ky. 816, 827, 218 S.W. 280 (1920) (letter from one shareholder to another concerning an attorney's handling of receivership suit was qualifiedly privileged); *McClintock v. McClure*, 171 Ky. 714, 720, 188 S.W. 867 (1916) (letter from plaintiff's local bonding agent to state agents of bonding company was qualifiedly privileged). In *Holdaway Drugs, Inc. v. Braden*, 582 S.W.2d 646 (Ky.1979), the plaintiff alleged his former employer slandered him by repeating accusations that plaintiff had stolen drugs to Equifax, a credit reporting company, to plaintiff in front of other employees, to plaintiff's friend, and to a fellow employee's mother. The trial court treated all the statements alike in its instructions and did not instruct

as to qualified privilege. This was error, held the Kentucky Supreme Court. The statements to Equifax were qualifiedly privileged and would be libelous only if malice—defined as ill will or hatred—were proved. These statements should have been separated from the other unprivileged statements.

The District Court relied on *Dossett v. New York Mining & Mfg. Co.*, 451 S.W.2d 843 (Ky.App.1970), in holding the statements in the present case were not published. In *Dossett*, the company had discovered a shortage of copper wire. One defendant investigated the problem and reported to his supervisor that the plaintiff had admitted taking scrap metal but denied taking the copper wire. The supervisor told the defendant to discharge the plaintiff. The plaintiff claimed that his discharge occurred in the presence and hearing of other employees and that the defendant accused him of being a thief. The issue before the court was whether or not the company could be liable for the defendant's slanderous remarks. The court held the company could be held liable for slanderous remarks made within the scope of business by an agent or servant and reversed summary judgment which had dismissed the complaint.

The court stated:

We continue to adhere to the principles of non–liability announced in *Grimes v. Coyle* [45 Ky. (6th B. Monroe) 301 (1845)]. They apply to discussions and communications *within the company* which are necessary to its proper function and the enforcement of the law. *McDaniel v. Crescent Motors*, 249 Ala. 330, 31 So.2d 343, 172 A.L.R. 204 (1947); *Prins v. Holland–North America Mortg. Co.*, 107 Wash. 206, 181 P. 680, 5 A.L.R. 451 (1919); ...

451 S.W.2d at 846 (emphasis original) (footnote omitted). The two cases cited, *McDaniel* and *Prins*, both followed the no–publication rule. *McDaniel* held that communications between managers concerning an employee are not publications and *Prins* held that a letter sent from the main office to a branch office where it was read by the co–manager and the bookkeeper was not published. Because the *Dossett* court cited these two cases, the District Court ruled there was no publication in the present case.

However, this Court cannot agree. The Kentucky court did not go so far as to hold that all communications within the corporation were immune from defamation claims. It only held that the principles of *Grimes* apply to communications within the corporate sphere. In *Grimes*, the defendant had accused the plaintiff of breaking into his store. The court held that communications made in good faith, without any ill will or malice, based on probable cause, to aid in the apprehension of a felon are not defamatory. Thus, the court in *Dossett* held that the corporation would not be liable for slander if the defendant had probable cause to accuse the plaintiff of being a thief and acted without malice. That *Grimes* stressed the lack of malice indicates that the communications were qualifiedly privileged publications.

Further evidence that Kentucky does not follow the no–publication rule may be found in *Louisville & Nashville R. R. Co. v. Marshall*, 586 S.W.2d 274 (Ky.App.), *discretionary review denied* (1979). The plaintiff there, an employee of a railroad corporation, complained that his supervisor libeled him when he wrote several memoranda regarding plaintiff's work. The court held that plaintiff's exclusive remedy was arbitration under the Railway Labor Act, rather than a suit for defamation. The court also held that the statements were cloaked with a federal privilege. In so holding, the court stated, without any discussion, that "the only *publication* of this report was to the secretary who typed the reports and to those supervisory employees" with a legitimate interest in the subject matter. 586 S.W.2d at 282–83. Kentucky, thus, implicitly assumes that communications from one supervisor to another or to a secretary are publications.

As there is no direct holding that Kentucky would follow the no–publication rule and Kentucky has treated similar situ-

ations as involving a qualified privilege, this Court concludes that the District Court erred in directing a verdict for the appellees on the ground that the allegedly defamatory statements were not published. Kentucky is, of course, free to hold otherwise, but on the basis of the scant state law available, this Court concludes that the evidence sufficiently established the statements were published, though subject to a qualified privilege.

Kentucky law provides that published works are actionable per se if they directly tend to prejudice or injure persons in their profession, trade, or business. *See Tucker v. Kilgore*, 388 S.W.2d 112, 114 (Ky. 1965) (citing Restatement of Torts § 569). A publication is qualifiedly privileged, however, if made in good faith, without actual malice, by one who believes he has a duty or an interest to a person with a corresponding duty or interest. The privilege does not extend to matters irrelevant to the public or private interest entitled to protection. *See Tucker, supra*, 388 S.W.2d at 114–15.

In the present case, there is no evidence Johnson made any defamatory statements or caused any defamatory statements to be made. Thus, Johnson cannot be personally liable for defamation. The evidence does show that Cohen told Johnson that morale in appellant's agency was bad and his agents wanted to quit and that Johnson relied in part on Cohen's statements to terminate appellant's agency contract. Although the evidence was contradicted, there was evidence these statements were false and that Cohen harbored ill will against appellant. Since a corporation is liable for defamatory statements made by its employees, if the statements are made within the scope of employment, *see Dossett, supra*, 451 S.W.2d at 845–46, the liability of Cohen and American National should have been submitted to the jury under appropriate instructions of qualified privilege.

The directed verdict for Johnson is affirmed. The directed verdict for appellees Cohen and American National is reversed and the case is remanded for a new trial. Since a new trial is necessary, this Court need not consider the other issues raised on appeal.

REVERSED AND REMANDED.