NELSON INSURANCE AGENCY, INC.
and John B. Nelson, Appellants,

v.

FAMEX, INC., Appellee.

Court of Appeals of Kentucky.

March 28, 1986.

William J. Britt, Eli George Law Offices, Louisville, for appellants.

M. Stephen Pitt, Glenn Cohen, Wyatt, Tarrant & Combs, Louisville, for appellee.

Before COMBS, COOPER and MILLER, JJ.

COOPER, Judge.

This is an appeal from a summary judgment for the appellee, defendant below, in a breach of contract action. On appeal, the single issue is whether the trial court acted correctly in ruling that there was no genuine issue as to any material fact, and the appellee was entitled to judgment as a matter of law. CR 56.03. Reviewing the record below, we affirm.

In January of 1977, the appellee, Famex, Inc., and the appellant, John B. Nelson, entered into a written authorization agree-

ment whereby the appellant was appointed as an exclusive agent for the appellee with respect to marketing specific group commercial insurance programs designed primarily for trade and professional associations. The appellant was president of the co-appellant, Nelson Insurance Agency, Inc.

Under the terms of the agreement, either party could terminate it with or without cause. Nevertheless, under the terms of this agency agreement, both parties had specific reciprocal obligations. Subsection d, paragraph 5 of the agreement set forth the appellant's specific obligations:

V(d) Agent will submit all applications for coverage and all requests for quotations pursuant to any network insurance program to Firemen's Fund or any other company developing and underwriting part or all of the program and will not submit such applications or requests to any other carrier unless and until Firemen's Fund or any other such company has declined such applications or requests in writing. A declination hereunder is limited specifically to a final decision not to accept or quote on the risk.

Thereafter, difficulties arose between the parties. On March 21, 1979, the appellee informed the appellant that the agreement was being terminated, without cause, to be effective within 180 days. At this time, the appellee informed the appellant that, during the 180-day period, he was still obligated to perform his duties under the terms of the agreement and that a failure to do so could result in the agreement being terminated for cause.

On March 13, 1980, the appellee terminated the agreement with cause, alleging that the terms of the agreement had been violated both prior to and subsequent to March 21, 1979. Under the terms of the agreement, if the agency relationship with an agent were terminated with cause, the agent would not be entitled to any type of severance compensation; conversely, if the agreement were merely terminated without cause, he would be entitled to compensation from the successor agent.

In September of 1980, the appellants filed this action against the appellee and the successor agent alleging breach of contract. Specifically, the appellant alleged that he had not received compensation due him under the terms of the agreement, and the agreement was terminated without cause. Subsequent to much discovery, the trial court granted the appellee's motion for summary judgment ruling, in effect, that the appellant had not abided by the terms of the agreement. As a result, it dismissed his complaint and ruled that the appellee was entitled to reasonable attorney's fees. It is from such order that the appellants now appeal.

Under the language of CR 56.03, a summary judgment is proper if it is established that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In ruling on such motion, the trial court must view all of the evidence in a light most favorable to the party opposing the motion. *Dossett v. New York Mining & Mfg. Co.*, Ky., 451 S.W.2d 843 (1970).

█ Here, the narrow issue is whether the trial court acted correctly in ruling that there was no genuine issue of fact that the agreement in question was properly terminated with cause by the appellee. Specifically, the question is whether, under subsection (d) of paragraph 5 of the agreement, the appellant wrongfully submitted applications and requests for insurance to other insurance carriers prior to a "final declination" by the appellee. Reviewing the record below, we find the trial court properly ruled that the agreement had been terminated with cause.

█ In reviewing the record below, it is evident to this Court that, at the time the appellant entered into the exclusive agency agreement with the appellee, he was submitting applications for insurance to other insurance carriers at a time when there had not been a final declination or rejection by the appellee and its parent insurance companies. Although the appellant argues that he submitted such applications to oth-

er carriers only after his clients were informed that their current insurance was being cancelled for nonpayment of premiums, the trial court ruled that a mere notice to cancel insurance for nonpayment of a premium does not constitute "final declination" under paragraph 5 of the agreement. Such a ruling is both logical and supported by existing case law. *See Business Men's Assur. Co. v. Richardson's Adm'x.*, 234 Ky. 838, 29 S.W.2d 563 (1930); *Equitable Life Assur. Soc. v. Brewer*, 225 Ky. 472, 9 S.W.2d 206 (1928).

Of equal significance is the fact that, at the time the clients involved received cancellation notices, they were informed that the insurance would be reinstated if the premimums were paid. Obviously, such did not constitute a final refusal to cover the risk involved. Consequently, the trial court's decision herein was correct.

We reject the appellant's argument that the question presented to the trial court—whether there had been final declination by the appellee at the time the appellant submitted offers to other carriers—was one that should have been submitted to the jury. Clearly, it was a legal question which should have been submitted to the trial court. *See Ky. Union Co. v. Hevner*, 210 Ky. 121, 275 S.W. 513 (1925). In effect, the trial court ruled that, as a matter of law, the appellee was entitled to judgment under the terms of the agency agreement.

Finally, the trial court was correct in ruling that the appellee was entitled to reasonable attorney's fees under the terms of the agreement. Subsection (c) of paragraph 3 of the agreement provided that, if the agreement were terminated with cause, a party was entitled to recover its cost and expenses, including reasonable attorney's fees, incurred by the other party in any subsequent action. In that such a provision was contracted for by the parties, the appellant cannot argue that an award of such fees is against the public policy of this state.

The order of the trial court is affirmed.

COMBS, J., concurs.

MILLER, J., dissents by separate opinion.

MILLER, Judge, dissenting.

In my view, appellants have passed the summary judgment mile-marker. The allegation, if proven, may result in a submissible issue.