RENDERED: AUGUST 23, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

## NO. 2022-CA-0796-MR

FACILITYONE TECHNOLOGIES, LLC                                    APPELLANT


                        APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
                            ACTION NO. 18-CI-002190


KINETIC PROPERTIES, INC.                                          APPELLEE


                            OPINION REVERSING
                            AND REMANDING

                            ** ** ** ** **

BEFORE:  ACREE, GOODWINE, AND LAMBERT, JUDGES.

ACREE, JUDGE:  Appellant, Facility One Technologies (Facility One) challenges the circuit court's January 19, 2022 order granting summary judgment in favor of Appellee, Kinetic Properties, Inc. (Kinetic), and denying summary judgment in favor of Facility One, as well as the circuit court's June 7, 2022 order denying Facility One's motion to alter, amend, or vacate.  Facility One challenges the circuit court's application of the Kentucky Uniform Voidable Transactions Act,

KRS[1] 378A.005 *et seq.*, to void an asset transfer from the now-defunct C2 Facility Solutions (C2) to Facility One.  We reverse and remand.

## BACKGROUND

According to its website, Facility One began in 1999 when it was incorporated as C2 Facility Solutions (C2).  The website goes on to explain that in 2016, the company "relaunched" and began using its current name, Facility One Technologies, upon its acquisition by an investment company.

Despite this description on the Facility One website, the parties to this appeal dispute the nature of the relationship between Facility One and C2.  Kinetic notes that in 2001, C2 filed to assume the name "FacilityONE" in Kentucky.  However, Facility One, the appellant in the present case, insists that the "relaunch" in 2016 created a new company distinct from the former C2.

In 2012, C2 – doing business as FacilityONE – agreed to lease commercial property in Louisville from Kinetic for a seven-year term.  Eventually, C2 missed rent payments and defaulted on its rent obligation.  On May 4, 2016, Kinetic filed an action in Jefferson Circuit Court to recover the amount owed under the lease agreement.  That May 4, 2016 suit is not the same litigation from which this appeal is taken.

---

[1] Kentucky Revised Statutes.

On August 1, 2016, Facility One Technologies, a Delaware limited liability company was created, doing business here as Facility One Technologies, LLC. C2 allowed the assumed name FacilityONE to expire within the month.

That same month, Facility One and C2 entered an asset purchase agreement whereby Facility One would acquire C2's intellectual property and service contracts. In lieu of payment, Facility One agreed to assume $1,071,571.00 of C2's debt. However, over $7.6 million of C2's debt remained unassumed.

C2 vacated the office space it leased from Kinetic in September of 2016, paying none of the outstanding rent. C2 registered its principal office and registered agent address as 730 West Main Street, Suite 201, Louisville, which is identical to Facility One's address. Facility One applied to assume the name "FacilityONE" on September 21, 2016. C2 was dissolved on January 4, 2017, having paid none of its outstanding debt to Kinetic.

The circuit court granted summary judgment against C2 on July 6, 2017. Kinetic obtained a judgment of $52,935.23, plus interest, costs, and fees.

Kinetic filed the underlying suit against both C2 and Facility One on April 16, 2018. It sought additional damages for C2's breach of the lease agreement, including punitive damages. Kinetic also sought to void the asset transfer from C2 to Facility One as a fraudulent attempt to avoid C2's debt

obligations under the Kentucky Uniform Voidable Transactions Act, KRS 378A.005 *et seq*.

Kinetic filed a motion for default judgment against C2 on May 15, 2019, which the circuit court granted on August 7, 2019. The circuit court awarded Kinetic $302,930.39, plus interest, costs, and fees. The circuit court also voided the asset transfer and imposed a judgment lien on any assets attempted to be transferred from C2 to Facility One.

Kinetic filed a motion for summary judgment against both C2 and Facility One on August 24, 2021. As the motion states, its purpose was "to void the transfer of business assets from C2 to Facility One pursuant to KRS 378A.040." Record (R.) at 167. Two days later, Facility One filed a motion for *in camera* review, requesting that the circuit court review an unredacted version of the asset purchase agreement; Facility One argued the unredacted agreement would demonstrate that the transfer was not between insiders, but instead that Facility One and C2 were separate entities which did not share ownership or management. The circuit court never ruled on the motion for *in camera* review.

Facility One filed its own motion for summary judgment on September 20, 2021. Facility One argued it was a bona fide purchaser that provided reasonably equivalent value in exchange for C2's assets. At a September 27, 2021 pretrial conference, Facility One sought to introduce the unredacted asset

purchase agreement into the record to demonstrate the absence of fraud in the transaction. The court and parties agreed to introduction of a partially redacted version of the agreement, with the investors' identities redacted.

The circuit court granted Kinetic's summary judgment motion, denied Facility One's summary judgment motion, and imposed a judgment lien in a memorandum and order entered January 19, 2022. Facility One filed a motion to alter, amend, or vacate pursuant to CR[2] 59.05, and included the unredacted asset purchase agreement as an exhibit.

The circuit court denied Facility One's motion on June 7, 2022. The circuit court acknowledged that the unredacted agreement seemed to demonstrate the transfer was not to an insider but determined the remaining evidence of record still demonstrated that C2 and Facility One conspired to defraud Kinetic of amounts owed at time of the asset transfer. Facility One now appeals.

**STANDARD OF REVIEW**

We review a trial court's summary judgment to confirm whether "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. The trial court is required to view the record "in a light most

---

[2] Kentucky Rules of Civil Procedure.

favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in [its] favor." *Steelvest v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citing *Dossett v. New York Mining and Mfg. Co.*, 451 S.W.2d 843 (Ky. 1970)). This means that "[e]ven though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* (citing *Puckett v. Elsner*, 303 S.W.2d 250 (Ky. 1957)). In other words, "summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citing *Steelvest*, 807 S.W.2d at 480-82).

"Impossible" is applied "in a practical sense, not in an absolute sense." *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky. 1992). And, "[b]ecause summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions." *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010) (citation omitted).

## ANALYSIS

Facility One argues the circuit court erred in two respects when it granted Kinetic's summary judgment motion pursuant to the Kentucky Uniform

Voidable Transactions Act. First, Facility One argues the circuit court erred when it determined the circumstances surrounding Facility One and C2's asset purchase agreement demonstrated Facility One possessed actual intent to "hinder, delay, or defraud" Kinetic pursuant to KRS 378A.040(1)(a). This statute makes a debtor's transfers or obligations voidable as to the creditor in certain circumstances. As the statute provides:

> (1) A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> > (a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
> >
> > (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> >
> > > 1. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> > >
> > > 2. Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.
>
> (2) In determining actual intent under subsection (1)(a) of this section, consideration may be given, among other factors, to whether:
>
> > (a) The transfer or obligation was to an insider;

(b) The debtor retained possession or control of the property transferred after the transfer;

(c) The transfer or obligation was disclosed or concealed;

(d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(e) The transfer was of substantially all the debtor's assets;

(f) The debtor absconded;

(g) The debtor removed or concealed assets;

(h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(j) The transfer occurred shortly before or shortly after a substantial debt was incurred; and

(k) The debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor.

KRS 378A.040(1)-(2). "A creditor making a claim for relief under subsection (1) of this section has the burden of proving the elements of the claim for relief by a preponderance of the evidence." KRS 378A.040(3).

Applying the KRS 378A.040(2) factors, the circuit court found the transfer of C2's assets evinced actual intent to hinder, delay, or defraud Kinetic and, therefore, summary judgment was appropriate. The circuit court specifically noted that shortly after Facility One was formed, C2 allowed its assumed name "FacilityONE" to expire; that same day, Facility One registered as its own assumed name the now-available name "FacilityONE." It noted that Kinetic had sued C2 prior to the asset transfer, that the transfer was of substantially all C2 assets, and that C2 dissolved afterward. The circuit court also noted that Facility One's own website states that the company began in 1999 as C2 Facility Solutions. In its January 19, 2022 summary judgment order, the circuit court states that "[t]he interrelation between C2 and Facility One implicates indicates [sic] that the transfer of assets from C2 to Facility One was very likely to an insider."

However, subsequent history of this case reveals that the circuit court acknowledged the existence of a genuine issue of material fact related to the KRS 378A.040(2) factors. The circuit court, after reviewing the unredacted asset purchase agreement submitted with Facility One's CR 59.05 motion, stated in its June 7, 2022 order that it no longer appeared as if the transfer was to an insider and, therefore, that the KRS 378A.040(2)(a) factor was no longer met. Though it acknowledged its mistake, the circuit court declined to vacate its summary judgment ruling because several other of the KRS 378A.040(2) factors were still

-9-

satisfied; the circuit court specifically listed KRS 378A.040(2)(d), (e), (h), and (i) as applicable to the transfer.

The circuit court's acknowledgment that the transfer no longer appeared to have been to an insider renders its entry of summary judgment inappropriate. Once it discovered this fact upon review of the unredacted asset purchase agreement, the circuit court weighed this factor against the other KRS 378A.040(2) factors and determined, on balance, the remaining factors supported entry of summary judgment. Where the weight of evidence is central to the ultimate determination to be made in a particular case, "summary judgment is an inappropriate tool and trial is indispensable." *Ogden v. Emp'rs Fire Ins. Co.*, 503 S.W.2d 727, 729 (Ky. 1973) (citations omitted).

By weighing the factors for and against a factual finding, the circuit court effectively acknowledged the existence of a genuine issue of material fact: whether the asset purchase agreement was made with actual intent to hinder, delay, or defraud Kinetic as KRS 378.A.040(1)(a) contemplates. "Intent, where different inferences can be drawn from undisputed facts, is a question of fact and not of law." *Perry v. Motorists Mut. Ins. Co.*, 860 S.W.2d 762, 765 (Ky. 1993) (citing *James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273 (Ky. 1991)). Further, "[s]tate of mind issues such as intent and expectation are generally inappropriate for determination at the summary judgment stage because

-10-

their resolution depends on weighing all the evidence and drawing permissible but not required inferences." *James Graham Brown Found., Inc.*, 814 S.W.2d at 280.

Whether Appellants' asset purchase agreement demonstrated an intent to evade the unpaid rent obligation to Kinetic is a genuine issue, and the existence or nonexistence of this intent is material to the outcome of this case. Because the circuit court balanced factors for and against a finding of intent, its summary judgment improperly took this issue out of the fact finder's hands. We conclude the circuit court improperly granted summary judgment in favor of Kinetic.

Appellant's remaining arguments are: (1) summary judgment was in error because the circuit court did not apply the complete defense provided under KRS 378A.080(1); and (2) the circuit court's judgment is impossible to comply with because it would be impossible to void the transfer of acquired assets which are now completely intermingled with Facility One's assets. Because we are reversing the circuit court's summary judgment, both issues are rendered moot.

## <u>CONCLUSION</u>

Consistent with the foregoing, we reverse the Jefferson Circuit Court's January 19, 2022 summary judgment. We remand for further proceedings consistent with this Opinion.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Dennis D. Murrell
M. Katherine Eschels
Louisville, Kentucky

BRIEF FOR APPELLEE:

Michael A. Noll
Louisville, Kentucky

Steven A. Snow
Louisville, Kentucky