**Carol Ann MEADOWS, a minor, by her father and next friend, William H. Meadows, Plaintiff,**

v.

**F. W. WOOLWORTH COMPANY, a corporation, Defendant.**

**Leila Ann TORBIT, a minor, by her mother and next friend, Connie Parmer, Plaintiff,**

v.

**F. W. WOOLWORTH COMPANY, a corporation,**

Civ. A. Nos. 621, 622.

United States District Court
N. D. Florida,
Marianna Division.

June 6, 1966.

---

Logue & Bennett, Panama City, Fla., for plaintiff.

Isler & Welch, Panama City, Fla., for defendant.

## ORDER

CARSWELL, Chief Judge.

This matter came on for consideration on respective motions for summary judgment in each of the above-entitled cases filed by the defendant, Woolworth Company. Basically, what is involved here is the application of Florida Statutes 811.-022, F.S.A., the Florida shoplifting statute, to the undisputed facts in the record. The subject statute exonerates from liability for false imprisonment defendant-merchants who detain business visitors in a reasonable manner for the purpose of recovering goods said merchant has probable cause for believing were taken unlawfully by said business visitor.

The undisputed facts are these:

Defendant's manager, Wingate, was warned by police official of Panama City several days prior to the incident complained of to be on the lookout for teenage girls believed to be shoplifting. The exact nature of this discussion by Wingate and the police is somewhat vague in some particulars although it is clear and undisputed that Wingate was given warning of organized shoplifting activities by teenage girls in the area. Wingate's testimony was corroborated by affidavit of one James Crowley, manager of a neighboring merchandising establishment, to the effect that they were to be especially on the lookout for three teenage girls operating jointly, two dark haired and one blonde.

On the day in question the two plaintiffs, together with a companion were in Woolworth's on two different occasions and had been walking around looking at various merchandise. Around 4:30 P.M. Wingate noticed that two hair pieces were missing. He noticed the three girls and asked the clerk if those three had been near the hair piece counter. The clerk responded that the girls had been near the subject counter. The three girls according to Wingate's evaluation generally fit the description of the teenage girls discussed by him and the policeman earlier and as corroborated by Crowley.

Wingate went to the front entrance and called to the girls who had just stepped outside asking them to come inside. The testimony is in complete accord that the manager's manner was neither harsh nor

abusive and that no threats were made by him at all. He asked if he could look in their purses. Again all the testimony is in agreement that the manager's tone was conversational only. Plaintiff Meadow's own statement was that she went into the store of "my own free will," although she did so out of respect to an adult. After examining the two of the three purses the manager discontinued his search, and some time later offered a partial explanation of his activities in this regard. The testimony shows that the girls were in the store an interval of 3–10 minutes, 10 minutes being the maximum time estimated by one witness.

Under Florida law the restraint of a person giving rise to false imprisonment can be accomplished by threats as well as force. Lewis v. Atlantic Discount Co., 99 So.2d 241 (1st D.C.A.Fla.1957). All of the testimony here is in accord that there were no threats made nor can the Court find any such inference in any activities at the time and place. Therefore, the restraint element, if here at all, would necessarily reside in a compulsion of a teenage girl by an adult to "come here."

Florida Statutes 811.022(1), F.S.A. provides that a "merchant's employee who has probable cause for believing that goods * * * have been unlawfully taken by a person and that he can recover them by taking the person into custody, may, for the purpose of attempting to effect such recovery, take the person into custody and detain him in a reasonable manner for a reasonable length of time. Such taking into custody * * shall not render such * * * merchant's employee criminally or civilly liable for * * * false imprisonment * * *." Nor is the merchant liable.

The Court determines that there is no genuine issue as to any material fact here and that the defendant is entitled to judgment as a matter of law under the provisions of Rule 56, Federal Rules of Civil Procedure, it affirmatively appearing that the manager, Wingate, did indeed have probable cause for momentarily detaining the subject plaintiffs for searching and interrogating in an attempt to recover articles reasonably thought by him to have been unlawfully taken. The momentary detention was certainly reasonable in time and the searching of the pocketbooks was clearly accomplished without any objection on the part of the two girls involved.

It is, therefore, upon consideration, hereby

Ordered that motion of defendant for summary judgment be and it is hereby granted.