**TAYLOR DRUGSTORES, INC., Appellant,**

v.

**Suda STORY and John Story, Appellees.**

**No. 87–CA–1672–S.**

Court of Appeals of Kentucky.

Aug. 26, 1988.

Discretionary Review Denied by Supreme Court Dec. 7, 1988.

Larry S. Roberts, Lexington, for appellant.

Tim Philpott, Bruce Simpson, Lexington, for appellees.

Before HAYES, LESTER and WILHOIT, JJ.

HAYES, Judge:

This is an appeal from a judgment of the Fayette Circuit Court based upon a jury verdict awarding appellee $5,000 in compensatory damages and $25,000 punitive damages. Because we are of the opinion that appellant was entitled to a directed verdict in its favor, the judgment must be reversed.

The facts which precipitated the incident which is the subject of this appeal may be briefly summarized as follows. Appellee, Mrs. Story, was shopping in Taylor Drug Store on May 30, 1985. She was observed by store personnel placing items in her purse. As she was leaving the store, the manager approached her and asked her to step to the back of the store. Mrs. Story then removed two items from her purse alleging she intended to pay for them. She was detained at the store until the arrival of a police officer who had been notified of the detention by the store manager. The police officer placed Mrs. Story under arrest and transported her to the police station.

We are convinced that based upon the evidence adduced at trial viewed in the light of KRS 433.234 and KRS 433.236 appellant was entitled to a directed verdict. KRS 433.234(1) provides:

> Willful concealment of unpurchased merchandise of any store or other mercantile establishment on the premises of such store shall be prima facie evidence of an intent to deprive the owner of his property without paying the purchase price therefor.

Mrs. Story admits that the items were in her purse although she claims they were only partially concealed. In our opinion, Mrs. Story's action of the placing of items in her purse, even if only partially hidden from view, was sufficient to give the store personnel reason to invoke KRS 433.236(1):

> (1) A peace officer, security agent of a mercantile establishment, merchant or merchant's employe who has probable cause for believing that goods held for sale by the merchant have been unlawfully taken by a person may take the person into custody and detain him in a reasonable manner for a reasonable length of time, on the premises of the mercantile establishment or off the premises of the mercantile establishment, if the persons enumerated in this section are in fresh pursuit, for any or all of the following purposes:
>
> (a) To request identification;
>
> (b) To verify such identification;
>
> (c) To make reasonable inquiry as to whether such person has in his possession unpurchased merchandise, and to make reasonable investigation of the ownership of such merchandise;
>
> (d) To recover or attempt to recover goods taken from the mercantile establishment by such person, or by others accompanying him;
>
> (e) *To inform a peace officer or law enforcement agency of the detention of the person and to surrender the person to the custody of a peace officer,....*
> (Emphasis added).

This statute has been amended since the decision in *Super X Drugs of Kentucky, Inc. v. Rice,* Ky.App., 554 S.W.2d 903 (1977), to make clear the intent of the legislature that a merchant's limited privilege includes the privilege of detaining a sus-

pected shoplifter for the sole purpose of permitting an arrest by a police officer.

█ Having determined that under the facts proven at trial appellant's actions with regard to the incident of May 30, 1985 were permitted by the statutes, her claims for false imprisonment and malicious prosecution must fail; thus the trial court erred in failing to direct a verdict in favor of Taylor Drugs. Although unnecessary to our decision in this case, we feel constrained to add a word about the issue of punitive damages. There was absolutely no evidence presented suggesting that employees of Taylor Drugs were acting in bad faith or that their treatment of Mrs. Story was grossly in excess of what the circumstances reasonably required as perceived by the store personnel. It was thus error to submit the issue of punitive damages to the jury. See *Rice, Supra,* at 909.

The judgment of the Fayette Circuit Court is reversed for entry of a judgment in favor of appellant.

Further, pursuant to 2.(a) of the Order designating the Case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, is reinstated effective the date of this opinion.

All concur.