**Wanda BIRDSONG, Appellant,**

v.

**WAL–MART STORES, INC., Appellee.**

**No. 2000–CA–001752–MR.**

Court of Appeals of Kentucky.

June 8, 2001.

Discretionary Review Denied
by Supreme Court June 5, 2002.

11. We have already discussed the mistake that resulted in a second indictment.

Kenneth R. Haggard, Hopkinsville, for Appellant.

Van F. Sims, Paducah, for Appellee.

Before DYCHE, JOHNSON and McANULTY, Judges.

OPINION

JOHNSON, Judge:

Wanda Birdsong appeals from an order of the Christian Circuit Court entered on June 26, 2000, which granted summary judgment in favor of Wal–Mart Stores, Inc. Birdsong had alleged that Wal–Mart committed the torts of false imprisonment and the intentional infliction of emotional distress. In addition to seeking compensatory damages, Birdsong claimed that she was entitled to punitive damages because Wal–Mart's actions constituted gross negligence and recklessness. Having concluded that there are genuine issues of material fact which preclude summary judgment on Birdsong's claim of false imprisonment, we reverse in part and remand for further proceedings on that issue. We affirm the summary judgment on Birdsong's claims of intentional infliction of emotional distress, gross negligence and recklessness and her claim for punitive damages.[1]

In reviewing the summary judgment, we must view the facts in a light most favorable to Birdsong, who has alleged and testified as follows: On May 8, 1998, at approximately 9:15 p.m., Birdsong went to the Wal–Mart store in Hopkinsville, Kentucky. She picked up a greeting card and some pet food and went to the checkout counter to pay for the items. The cash register receipt indicated that she checked out at approximately 9:47 p.m. As Birdsong began to exit the store along with several other customers, a Sensormatic inventory and theft control device set off a sensor alarm.

JaVonnie McWilliams, a Wal–Mart employee, approached the customers and instructed them to re-enter the store. McWilliams inspected each of the customers' bags; and when she did not notice anything suspicious, she asked each customer to individually exit the store. The only customer who triggered the sensor alarm a second time was Birdsong. McWilliams told the other customers that they were free to go, but she told Birdsong to stay. McWilliams then checked Birdsong's shopping bags a second time, and she checked Birdsong's receipt against the items in the shopping bags. McWilliams

---

**1.** Counsel for Birdsong conceded these issues at oral argument and they will not be addressed in any detail in this Opinion.

then asked Birdsong to exit the store a third time, and the sensor alarm was activated again. Birdsong concedes that the initial inquiry, inspection and detention by Wal–Mart were all reasonable.

Birdsong testified that McWilliams then led her to an area near the front door entrance and told her to sit down. Birdsong claims that when she sat down McWilliams pushed the shopping cart she had been using for her shopping in front of her to block her from leaving. Birdsong claims that she asked McWilliams if she "had to stay," and McWilliams said "yes."

McWilliams then called Virginia Brown, a Wal–Mart supervisor, to the scene. Brown told McWilliams that the sensor alarm had "been doing crazy things [that] night" and that it had previously been activated "for no reason." Brown then took Birdsong's purse through the exit door, and the sensor alarm was activated for a fourth time. At this point, it was clear to everyone involved that Birdsong's purse was activating the sensor alarm. In an attempt to dispel the employees' suspicions, Birdsong asked both McWilliams and Brown to search her purse. They told her that they were not allowed to do so. Brown then used a walkie-talkie to contact Bobby Dallas, the store's assistant manager. Dallas was asked to come to the front of the store, but he was not told that Birdsong was being detained on suspicion of shoplifting.

As Dallas was walking to the front of the store, he stopped to assist another Wal–Mart customer. The length of time that Dallas stopped is disputed; but Birdsong claims that after Dallas was contacted by Brown, it took him 15 minutes to arrive at the front of the store. When Birdsong was informed of Dallas' delay, she became very upset that he had stopped to help another customer instead of immediately attending to her problem. Birdsong told one of the employees [2] that she did not like "being detained," and that with all of the other customers passing by her, she felt "humiliated." The employee responded by saying, "you be sure and mention that to him first when he gets up here."

When Dallas arrived, Birdsong suggested that he search her purse. He declined and told her that she was free to leave. Birdsong immediately left Wal–Mart and went back to her motel room. She remembers entering the room and noticing that the clock read 10:31 p.m.

Birdsong filed a complaint against Wal–Mart alleging false imprisonment and the intentional infliction of emotional distress. In an amended complaint, she alleged gross negligence and recklessness and sought punitive damages. The trial court granted Wal–Mart's motion for summary judgment. This appeal followed.

Summary judgment is only proper "where the movant shows that the adverse party could not prevail under any circumstances." [3] However, "a party opposing a properly supported summary judgment motion cannot defeat that motion without presenting at least some affirmative evidence demonstrating that there is a genuine issue of material fact requiring trial." [4] The circuit court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." [5]

---

2. From the record, the employee's identity is unclear.

3. *Steelvest, Inc. v. Scansteel Service Center, Inc.,* Ky., 807 S.W.2d 476, 480 (1991)(reaff'g *Paintsville Hospital Co. v. Rose,* Ky., 683 S.W.2d 255 (1985)).

4. *Hubble v. Johnson,* Ky., 841 S.W.2d 169, 171 (1992)(citing *Steelvest, supra,* at 480).

5. *Steelvest, supra* (citing *Dossett v. New York Mining & Manufacturing Co.,* Ky., 451 S.W.2d 843 (1970)).

"The trial judge must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists." [6]

This Court has stated that the standard of review on appeal of a summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law" [citations omitted].[7] "There is no requirement that the appellate court defer to the trial court since factual findings are not at issue." [8]

Pursuant to Kentucky Rules of Civil Procedure (CR) 56.03, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To prevail on its motion for summary judgment, Wal–Mart was required to demonstrate that "it would be impossible for [Birdsong] to produce evidence at trial warranting a judgment in [her] favor." [9]

■ The tort of false imprisonment requires the plaintiff to establish that she was detained unlawfully.[10] In *Great Atlantic & Pacific Tea Co. v. Smith,*[11] the Court stated:

Any exercise of force, by which in fact the other person is deprived of his liberty and compelled to remain where he does not wish to remain or to go where he does not wish to go, is an imprisonment. Or, as the offense is defined in *Great Atlantic & Pacific Tea Co. v. Billups,* 253 Ky. 126, 69 S.W.2d 5, "any deprivation of liberty of one person by another or detention for however short a time without such person's consent and against his will, whether by actual violence, threats, or otherwise, constitutes 'arrest'", or false imprisonment [citations omitted].

While Wal–Mart contends that Birdsong was not detained, it was not granted summary judgment on that issue. Rather, the issue that must be decided on appeal is whether it was appropriate for the trial court to rule by summary judgment that her detention was not unlawful. Wal–Mart argues, as a matter of law, that the detention was lawful because its employees acted in accordance with KRS [12] 433.236, the shopkeeper's privilege:

(1) A peace officer, security agent of a mercantile establishment, merchant or *merchant's employee who has probable cause for believing that goods held for sale by the merchant have been unlawfully taken by a person may take the person into custody and detain him in a reasonable manner for a reasonable length of time,* on the premises of the mercantile establishment or off the premises of the mercantile establishment, *if the persons enumerated in this section are in fresh pursuit, for any or all of the following purposes:*

(a) To request identification;

(b) To verify such identification;

(c) *To make reasonable inquiry as to whether such person has in his pos-*

6. *Id.* at 480.

7. *Scifres v. Kraft,* Ky.App., 916 S.W.2d 779, 781 (1996).

8. *Id.*

9. *Steelvest, supra;* CR 56.03.

10. *Wal–Mart Stores, Inc. v. Mitchell,* Ky.App., 877 S.W.2d 616, 617 (1994).

11. 281 Ky. 583, 136 S.W.2d 759, 767 (1939).

12. Kentucky Revised Statutes.

*session unpurchased merchandise,* and to make reasonable investigation of the ownership of such merchandise;

(d) To recover or attempt to recover goods taken from the mercantile establishment by such person, or by others accompanying him [emphasis added][.]

In reviewing this statute, this Court in *Mitchell,* stated:

Ultimately, the question of whether a detention was lawful is one of fact to be resolved by a jury under proper instructions from the trial court. As in all cases involving questions of fact, the weight to be given to conflicting evidence and the credibility to be afforded each witness remains within the province of the jury. It is entitled to accept the plaintiff's version of the incident and reject the defendant's version or vice versa. On appeal, we view the evidence in the light most favorable to the prevailing party. If viewed in that light it supports the judgment, we must affirm.[13]

■ In the case at bar, we believe the different versions of the events as claimed by Birdsong and Wal–Mart lead to the obvious conclusion that there are genuine issues of material fact to be determined by a jury. Birdsong claims she was detained by store employees for approximately 45 minutes and that she was subjected to humiliation. She claims that one of the employees told her to sit on a bench near the front of the store and that the employee then pushed a shopping cart in front of her to prevent her from leaving. She also claims Dallas was dilatory in responding to her detention. She insists her situation could have been dealt with more effectively, efficiently and reasonably, if Wal–Mart had only fulfilled her persistent request to inspect her purse. On the other hand, Wal–Mart claims the entire episode lasted no more than 30 minutes. It claims that its employees acted reasonably in the manner and in the length of time they detained Birdsong; and that the inquiries they made of her were reasonable under the circumstances. From this discussion, we believe it is clear that there are factual issues to be resolved as to whether Birdsong was detained under KRS 433.236 "in a reasonable manner for a reasonable length of time" for the purpose of "mak[ing][a] reasonable inquiry as to whether [she] ha[d] in [her] possession unpurchased merchandise." Accordingly, it was error for the trial court to resolve these issues by summary judgment.[14]

The cases that Wal–Mart relies upon to support its argument in favor of summary judgment are distinguishable. In *Taylor*

13. *Mitchell, supra* at 618.

14. Cases from other jurisdictions which have addressed the question of summary judgment in relation to a claim of false imprisonment and the shopkeeper's privilege include *Lindsey v. Sears,* 389 So.2d 902 (La.App.1980) and *Meadows v. F.W. Woolworth Co.,* 254 F.Supp. 907 (D.Fla.1966). In *Lindsey,* the plaintiff was asked to go to the back of the store after she activated the alarm while exiting the store. It was determined by store employees in approximately five to ten minutes that a clerk had failed to remove a tag from the plaintiff's merchandise and the plaintiff was allowed to leave. Unlike Birdsong's allegations, the plaintiff was only detained for a minimal amount of time and she did not claim that the store was dilatory in dealing with her. In *Meadows,* two girls brought a claim of false imprisonment against a store after they were asked to re-enter the store as suspected shoplifters. The store had been warned by police to watch out for a group of girls suspected of shoplifting and the two girls met the description. The store was granted summary judgment based on Florida's shopkeeper's privilege statute because the girls were detained for no more than ten minutes and were not coerced or threatened in any manner.

*Drugstores, Inc. v. Story*,[15] store employees, who had observed Story placing items inside her purse, approached her as she was leaving the store and told her to step to the back of the store. Story then removed two items from her purse and claimed that she had intended to pay for them. The store manager detained Story until the police arrived and she was arrested.

In *Taylor*, this Court held that Story's placing of the items in her purse constituted probable cause for the store to detain her. This Court also stated that concealing merchandise, even if the goods are only partially hidden from view, is sufficient to allow store personnel to act pursuant to KRS 433.236. The issue in *Taylor*, was whether the store had probable cause to detain Story, not the reasonableness of her detention.

In its brief Wal–Mart states, "[m]ost importantly, the evidence establishes that the conduct of the Wal–Mart employees was based upon probable cause due to the Appellant's possessions activating the shoplifting deterrent control system and the detention was in a reasonable manner for a reasonable period of time." The fact that Wal–Mart had probable cause to initially detain Birdsong is not in dispute. However, we hold that reasonable minds could differ as to whether her detention was "in a reasonable manner for a reasonable amount of time" and whether the purpose was "[t]o make reasonable inquiry as to whether [she] ha[d] in her possession unpurchased merchandise." Accordingly, summary judgment should not have been entered on Birdsong's false imprisonment claim.

Having concluded that there are genuine issues of material fact which preclude summary judgment on Birdsong's claim of false imprisonment, the summary judgment of the Christian Circuit Court is reversed in part and this matter is remanded for further proceedings consistent with this Opinion. However, the summary judgment dismissing Birdsong's claims of intentional infliction of emotional distress, gross negligence and recklessness and her claim for punitive damages is affirmed.

ALL CONCUR.