Tony **MESSER, Individually and Tony Messer, as Agent, Servant and/or Employee of Rite Aid of Kentucky, Inc., Individually and Rite Aid of Kentucky, Inc., A Corporation and Each of Them Jointly, Severally and Individually, Appellants,**

v.

Mona **ROBINSON, Appellee.**

No. 2007–CA–000977–MR.

Court of Appeals of Kentucky.

March 21, 2008.

Robert S. Walker, Lexington, KY, for Appellant.

R. Scott Madden, Manchester, KY, for Appellee.

Before ACREE and STUMBO, Judges; GRAVES,[1] Senior Judge.

## OPINION

ACREE, Judge.

Tony Messer and his employer, Rite Aid of Kentucky, Inc., appeal from a judgment of the Clay Circuit Court finding they had wrongfully detained Mona Robinson and awarding her $199,878.00 in damages. Finding the Appellants were entitled to a directed verdict in their favor, the judgment is reversed.

On November 16, 1998, Robinson visited the Rite Aid in Manchester, Kentucky, to have some film developed and purchase a few items. When Robinson had found the items she needed, she approached the cash register to pay. The cashier scanned her items and placed them into two bags (one for the larger items and one that held only a card). Robinson paid and as she exited the store, the security alarm sounded as she passed through the detection device.

Messer, the Rite Aid store manager, followed after Robinson and asked her to come back into the store. Robinson voluntarily returned with Messer into the store. Messer searched the larger bag and Robinson handed him her receipt so that he could compare it to the items in the bag. The receipt indicated that at 3:58 p.m. Robinson purchased eight items totaling $34.42. Messer initially did not find any items in Robinson's bag for which she had not paid. Robinson voluntarily walked through the security detection device several times to show she had no items on her person that would set off the alarm. Upon closer inspection, however, three additional items were found in Robinson's shopping bag for which she had not paid. The presence of these additional items had triggered the store's alarm system when Robinson first attempted to leave.

Robinson was asked if she wished to purchase the additional items and she indicated that she did. At 4:04 p.m., Robinson paid $8.98 for these additional items, Messer apologized for the inconvenience, and Robinson left the store.

On November 12, 1999, Robinson filed a complaint against Messer and Rite Aid for emotional injuries sustained as a result of the foregoing incident. The case proceeded to trial before the Clay Circuit Court sitting without a jury on May 25, 2005. At the conclusion of Robinson's proof and again at the close of all evidence, the Appellants moved for a directed verdict, contending that Messer's actions were protected and the Appellants were shielded from liability under Kentucky's shopkeeper's privilege, codified at Kentucky Re-

1. Senior Judge John W. Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky

Constitution and Kentucky Revised Statutes (KRS) 21.580.

vised Statutes (KRS) 433.236. Both motions were denied.

On April 19, 2007, the trial court rendered its judgment concluding as a matter of law that the Appellants did not have probable cause, legal authority, or justification for detaining Robinson. The trial court awarded Robinson $166,565.00 for the mental pain and anguish she suffered as a result of the incident, $4,313.00 for counseling expenses already expended, and $29,000.00 for future counseling expenses and Robinson's court costs. This appeal followed.

Under Kentucky Rules of Civil Procedure (CR) 52.01, in an action tried without a jury, "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." In the usual case, a factual finding is not clearly erroneous if it is supported by substantial evidence. *Owens–Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky.1998); *Uninsured Employers' Fund v. Garland*, 805 S.W.2d 116, 117 (Ky.1991). However, as always, an appellate court reviews legal issues *de novo*. *Hunter v. Hunter*, 127 S.W.3d 656 (Ky.App.2003).

We are convinced that based upon the evidence presented at trial, Appellants were entitled to a directed verdict. KRS 433.236(1) provides:

> (1) A peace officer, security agent of a mercantile establishment, merchant or merchant's employee who has probable cause for believing that goods held for sale by the merchant have been unlawfully taken by a person may take the person into custody and detain him in a reasonable manner for a reasonable length of time, on the premises of the mercantile establishment or off the premises of the mercantile establishment, if the persons enumerated in this section are in fresh pursuit, for any or all of the following purposes:
>
> (a) To request identification;
>
> (b) To verify such identification;
>
> (c) *To make reasonable inquiry as to whether such person has in his possession unpurchased merchandise, and to make reasonable investigation of the ownership of such merchandise;*
>
> (d) To recover or attempt to recover goods taken from the mercantile establishment by such person, or by others accompanying him;
>
> (e) To inform a peace officer or law enforcement agency of the detention of the person and to surrender the person to the custody of a peace officer. . . .

(Emphasis added).

At trial Messer testified that he did not jump to the conclusion that Robinson was shoplifting when she triggered the security alarm. On the other hand, he knew that the alarm indicated that Robinson had left the store with items for which she had not paid. The trial court concluded that because Messer did not assume Robinson was shoplifting, he did not have probable cause to believe goods were taken from the store unlawfully. Therefore, the trial court concluded Messer did not have the right, when Robinson triggered the security alarm, to ask her to return to the store so that he could investigate the situation.

We believe this interpretation of KRS 433.236 leads to an absurd result, inconsistent with the Legislature's intent in enacting it. If we follow it, we will empower every suspicious store clerk who wants to stop anyone he subjectively believes engaged in shoplifting, even if an objective shoplifting detection device fails to go off.

The facts demonstrate that Messer had objective probable cause to stop Rob-

inson. The security alarm sounded when Robinson passed through it, indicating she was carrying property belonging to the store which she had not yet purchased. As it turns out, Messer's subjective belief she was not shoplifting and the security device's objective detection of the store's property being wrongfully taken away were both correct. Messer's subjective thoughts pertaining to Robinson's intent are irrelevant. It was reasonable for him to stop Robinson and check her bag to see if she had any items she had not purchased.

■ Robinson was not held for an unreasonable amount of time, nor does the evidence indicate she was mistreated by Messer or any of the other Rite Aid employees. Subjectively, she well may have felt embarrassed, but our Legislature decided that these incidents must be endured in order to protect merchants' property rights. This statute authorizes a merchant to take steps that might inevitably result in some embarrassment to innocent customers.

Having determined that under the facts proven at trial Messer's actions with regard to this incident were permitted by statute, Robinson's claim must fail. The trial court erred in failing to direct a verdict in favor of Messer and Rite Aid.

As we have found that Messer and Rite Aid were entitled to a directed verdict on Robinson's claim, we need not address additional issues raised by the Appellants in their brief.

For the foregoing reasons, the judgment of the Clay Circuit Court is reversed and remanded with instructions to enter a directed verdict in favor of the Appellants.

ALL CONCUR.